ORIGINAL

1  HUNTON & WILLIAMS LLP
2  ANN MARIE MORTIMER (State Bar No. 169077)
   550 South Hope Street, Suite 2000
3  Los Angeles, California 90071-2627
4  Telephone: (213) 532-2000
   Facsimile: (213) 532-2020
5  E-mail: amortimer@hunton.com

6
   HUNTON & WILLIAMS LLP
7  STEPHEN M. SAYERS (Pro Hac Vice Application Pending)
8  THOMAS P. MURPHY (Pro Hac Vice Application Pending)
   1751 Pinnacle Drive
9  Suite 1700, Tysons Corner
10 McLean, Virginia 22102
   Telephone: (703) 714-7400
11 Facsimile: (703) 714-7410

12
   Attorneys for the Defendants URS CORPORATION,
13 DEWBERRY & DAVIS LLC,
14 and PARTNERSHIP FOR RESPONSE
   AND RECOVERY
15

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| RONALD HOUSTON, on behalf of himself and all other similarly situated, AND JOSEPH LOMASCOLO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>URS CORPORATION, DEWBERRY & DAVIS LLC, PARTNERSHIP FOR RESPONSE AND RECOVERY (PaRR), PARSONS BRINCKERHOFF, INC., AND ALLTECH, INC,<br><br>Defendants. | CASE NO.: CV07-07357 AHM (PJWx)<br><br>**ANSWER OF DEFENDANT URS CORPORATION**<br><br>[Action Filed: November 8, 2007]<br><br>DOCKETED ON CM<br><br>DEC 10 2007<br><br>BY _____ 002 |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

URS Corporation ("URS"), by counsel and pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), answers the averments made in the Complaint filed by the Plaintiffs, Ronald Houston ("Houston") and Joseph Lomascolo ("Lomascolo"), as follows:

1. URS denies the legal characterizations contained in Paragraph 1 of the Complaint. URS has never had any connection, contractual or otherwise, with either Houston or Lomascolo, and it has no connection with the facts of this case. URS has been wrongly named as a party to this case, a fact that has already been pointed out to counsel for both Houston and Lomascolo. URS has already identified to the Plaintiffs the correct subsidiary that the Plaintiffs apparently intended to name, which is "URS Group, Inc." URS has offered the Plaintiffs the opportunity to substitute URS Group, Inc. for URS as the correct party, and to dismiss URS voluntarily. Despite knowing that URS is not a proper Party-Defendant to this case, the Plaintiffs have declined to drop URS as a Party-Defendant. The Complaint filed against URS by the Plaintiffs violates Fed. R. Civ. P. 11. There are no claims that either Plaintiff could make against URS that are warranted by existing law, or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law. URS intends to prepare and file, at the appropriate point, a motion for the imposition of sanctions unless, within 21 days after service of this pleading, URS is not dropped as a Party-Defendant to this case.

2. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 2 of the Complaint.

3. URS denies the factual averments made in Paragraph 3 of the Complaint.

4. The contentions made in Paragraph 4 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

5. The contentions made in Paragraph 5 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

6. URS denies the averments made in Paragraph 6 of the Complaint, and states that URS appears to have been joined by the Plaintiffs in an attempt to make a facially plausible argument that venue was appropriately laid in this District, when, in fact, venue in this District is clearly improper.

7. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 7 of the Complaint, but URS states that it has never had any contractual or other relation with Houston, and had never heard of him prior to being improperly joined as a Party-Defendant to this case, in violation of the requirements of Fed. R. Civ. P. 11(b).

8. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 8 of the Complaint, but states that it has never had any contractual or other relation with Lomascolo, and had never heard of him prior to being improperly joined as a Party-Defendant to this case, in violation of the requirements of Fed. R. Civ. P. 11(b).

9. In response to the factual averments made in Paragraph 9, URS admits that it is a Delaware corporation, with its principal place of business located at 600 Montgomery Street, San Francisco, California 94111. In response to the factual averments made in the second sentence of this paragraph, URS admits that it transacts business throughout the United States, and in California, including the Central District of California. URS denies the factual averments made in the third sentence.

10. In response to the factual averments made in Paragraph 10 of the Complaint, URS admits that Dewberry & Davis, LLC ("D&D") is a Virginia limited liability company, not a Virginia corporation, as averred, and that its principal place of business is located in Fairfax, Virginia. URS lacks knowledge or information sufficient to form a belief about the truth of the incomplete averments contained in the second and third sentences of Paragraph 10.

11. URS denies the factual averments made in the first sentence of Paragraph 11 of the Complaint, but acknowledges, as previously disclosed to the counsel for

Houston, that one of its subsidiaries, URS Group, Inc., is involved in a partnership with D&D, and that this partnership is formed under the Virginia Uniform Partnership Act, and is known as Partnership for Response and Recovery ("PaRR"). URS believes that PaRR has a contract with FEMA. URS lacks knowledge or information sufficient to form a belief about the truth of the remaining incomplete factual allegations made in Paragraph 11.

12. URS lacks knowledge or information sufficient to form a belief about the truth of the factual averments made in Paragraph 12 of the Complaint.

13. URS lacks knowledge or information sufficient to form a belief about the truth of the factual averments made in Paragraph 13 of the Complaint.

14. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 14 of the Complaint.

15. URS denies the factual averments made in Paragraph 15 of the Complaint.

16. URS lacks knowledge or information sufficient to form a belief about the truth of the factual averments made in Paragraph 16 of the Complaint.

17. The averments made in Paragraph 17 of the Complaint appear to be incomplete, but, to the extent that URS understands them, URS states that those averments consist of legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

18. The averments made in Paragraph 18 of the Complaint appear to be incomplete, but, to the extent that URS understands them, URS states that those averments consist of legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

19. URS denies the factual averments made in Paragraph 19 of the Complaint.

20. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 20 of the Complaint.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

21. URS denies the factual averments made in Paragraph 21 of the Complaint.

22. URS denies the factual averments made in Paragraph 22 of the Complaint.

23. URS denies the factual averments made in Paragraph 23 of the Complaint.

24. URS denies the factual averments made in Paragraph 24 of the Complaint.

25. URS denies the factual averments made in Paragraph 25 of the Complaint.

26. URS denies the factual averments made in Paragraph 26 of the Complaint.

27. URS denies the factual averments made in Paragraph 27 of the Complaint.

28. URS denies the factual averments made in Paragraph 28 of the Complaint.

29. URS denies the factual averments made in Paragraph 29 of the Complaint.

30. URS denies the factual averments made in Paragraph 30 of the Complaint.

31. URS denies the factual averments made in Paragraph 31 of the Complaint.

32. URS denies the factual averments made in Paragraph 32 of the Complaint.

33. URS denies the factual averments made in Paragraph 33 of the Complaint.

34. URS denies the factual averments made in Paragraph 34 of the Complaint.

35. URS denies the factual averments made in Paragraph 35 of the Complaint.

36. URS denies the factual averments made in Paragraph 36 of the Complaint.

37. URS denies the factual averments made in Paragraph 37 of the Complaint.

38. URS denies the factual averments made in Paragraph 38 of the Complaint.

39. URS denies the factual averments made in Paragraph 39 of the Complaint.

40. URS denies the factual averments made in Paragraph 40 of the Complaint.

41. URS denies the factual averments made in Paragraph 41 the Complaint.

42. URS denies the factual averments made in Paragraph 42 of the Complaint.

43. URS denies the factual averments made in Paragraph 43 of the Complaint.

44. URS denies the factual averments made in Paragraph 44 of the Complaint.

45. URS denies the factual averments made in Paragraph 45 of the Complaint.

46. URS denies the factual averments made in Paragraph 46 of the Complaint.

47. URS denies the averments made in Paragraph 47 of the Complaint, and states that any assertion of a "knowing" misclassification on the part of URS is frivolous and irresponsible on the part of counsel for the Plaintiffs.

48. URS denies the averments made in Paragraph 48 of the Complaint, and states that any assertion of a "knowing" misclassification on the part of URS is frivolous and irresponsible on the part of counsel for the Plaintiffs.

49. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 49 of the Complaint.

50. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 50 of the Complaint.

51. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 51 of the Complaint.

52. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 52 of the Complaint.

53. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 53 of the Complaint.

54. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 54 of the Complaint.

55. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 55 of the Complaint.

56. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 56 of the Complaint.

57. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 57 of the Complaint.

58. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 58 of the Complaint.

59. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 59 of the Complaint.

60. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 60 of the Complaint.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

61. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 61 of the Complaint.

62. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 62 of the Complaint.

63. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 63 of the Complaint.

64. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 64 of the Complaint.

65. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 65 of the Complaint.

66. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 66 of the Complaint.

67. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 67 of the Complaint.

68. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 68 of the Complaint.

69. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 69 of the Complaint.

70. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 70 of the Complaint.

71. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 71 of the Complaint.

72. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 72 of the Complaint.

73. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 73 of the Complaint.

74. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 74 of the Complaint.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

75.   URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 75 of the Complaint.

76.   URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 76 of the Complaint.

77.   URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 77 of the Complaint.

### First Cause of Action

78.   In response to the averments made in Paragraph 78 of the Complaint, URS incorporates each of the answers contained in Paragraphs 1-77 above.

79.   URS denies the averments made in Paragraph 79 of the Complaint.

80.   URS denies the averments made in Paragraph 80 of the Complaint.

81.   URS denies the averments made in Paragraph 81 of the Complaint.

82.   URS denies the averments made in Paragraph 82 of the Complaint.

83.   URS denies the averments made in Paragraph 83 of the Complaint.

84.   URS denies the averments made in Paragraph 84 of the Complaint, and states that the Plaintiffs' assertion that URS has supposedly committed any "willful violation" of the Fair Labor Standards Act is frivolous and irresponsible.

85.   URS denies the averments made in Paragraph 85 of the Complaint.

### Second Cause of Action

86.   In response to the averments made in Paragraph 86 of the Complaint, URS incorporates each of the answers contained in Paragraphs 1-85 above.

87.   URS denies the averments made in Paragraph 87 of the Complaint.

88.   URS denies the averments made in Paragraph 88 of the Complaint.

### Third Cause of Action

89.   In response to the averment made in Paragraph 89 of the Complaint, URS incorporates each of the answers contained in Paragraphs 1-88 above.

90.   URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 90 of the Complaint.

91. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 91 of the Complaint.

92. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 92 of the Complaint.

93. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 93 of the Complaint.

94. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 94 of the Complaint.

95. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 95 of the Complaint.

96. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 96 of the Complaint.

### Fourth Cause of Action

97. In response to the averments made in Paragraph 87 of the Complaint, URS incorporates each of the answers contained in Paragraphs 1-96 above.

98. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 98 of the Complaint.

99. URS lacks knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 99 of the Complaint.

100. URS denies any remaining averment of fact that is contained in the Complaint, that has not been expressly admitted in Paragraphs 1-99 above.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

URS has been improperly named as a Party-Defendant to this case, and this fact had already been pointed out to counsel for the Plaintiffs before URS was obliged to file this Answer. Counsel for the Plaintiffs have been offered the opportunity to substitute the proper party, URS Group, Inc., for URS, but they have frivolously refused to dismiss URS from this case voluntarily. The frivolous factual averments

made against URS were made even though counsel for the Plaintiffs knew, or should have known, that URS has no connection whatsoever with the facts of this case, and that the averments made against it appear to have been made in violation of the requirements of Fed. R. Civ. P. 11(b), apparently for the improper purpose of trying to create some plausible basis for laying venue in this District.

### Second Affirmative Defense

This Court lacks *in personam* jurisdiction over URS.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against URS.

### Fourth Affirmative Defense

Venue is not proper in this District for the reasons stated in the Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue to the Alexandria Division of the United States District Court for the Eastern District of Virginia, filed by the Defendants D&D and PaRR.

### Fifth Affirmative Defense

Some or all of Houston's claims appeared to be barred by the statute of limitations.

URS reserves the right to bring additional affirmative defenses.

WHEREFORE, URS prays that:

(a) Plaintiffs takes nothing by their Complaint;

(b) URS requests this Court to dismiss it with prejudice as a Party-Defendant to this case;

(c) URS be awarded all legally recoverable costs, fees and expenses it has been forced to incur as a result of being improperly and frivolously joined as a Party-Defendant by counsel for the Plaintiffs, including, but not limited to, all sanctions properly assessable under Fed. R. Civ. P. 11(c); and

1  (d)  URS be awarded other and further relief as the Court may deem proper.

2

3  DATED: December 4, 2007                HUNTON & WILLIAMS LLP

4

5

6  By: *Ann Marie Mortimer*
   Ann Marie Mortimer
7  Attorneys for the Defendants
   URS CORPORATION, DEWBERRY &
8  DAVIS LLC, and PARTNERSHIP FOR
   RESPONSE AND RECOVERY
9

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11