UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On November 8, 2007, Plaintiffs Ronald Houston and Joseph Lomascolo filed this putative collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* against Defendants URS Corporation, Dewberry & Davis LLC ("D&D"), Partnership for Response and Recovery ("PaRR"), Parsons Brinckerhoff, Inc. ("PBI"), and Alltech, Inc. ("Alltech"). The complaint alleges that Defendants failed to pay Houston, Lomascolo and the putative nationwide class overtime wages because Defendants wrongly classified them as independent contractors rather than as non-exempt employees.

On December 4, 2007, Defendants D&D and PaRR moved to dismiss the action for improper venue, or in the alternative, to transfer venue to the Alexandria Division of the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a). On January 3, 2008, Defendants PBI and Alltech filed a notice of joinder to D&D and PaRR's motion and separately moved to dismiss the action for improper venue, or in the alternative, to transfer venue to the Eastern District of Virginia. On January 18, 2008, D&D and PaRR filed a notice of joinder to PBI and Alltech's motion. The two motions largely assert the same arguments and Plaintiffs filed virtually identical opposition papers. Thus, the Court will address both motions in this Order.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

For the following reasons, the Court GRANTS the motions[1] and TRANSFERS the action to the Alexandria Division of the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

### A. Named Plaintiffs

#### 1. Houston

Plaintiff Houston currently resides in Los Angeles, California. (Houston Decl. ¶ 2). Beginning in 1999, he lived in Las Vegas, Nevada and moved to Los Angeles in March 2006. (*Id.*) Houston contends that PaRR employed him as a Federal Emergency Management Agency ("FEMA") disaster inspector from 1999 until July 2006.[2] (*Id.* ¶ 3.) Houston signed an "Independent Contractor Agreement" with PaRR on July 3, 2004. (Frost Decl. ¶ 20.) The address that Houston listed on this agreement, on task orders and on requests for payment was located in Las Vegas. (*Id.* ¶ 25.)

Of the 71 federally-declared natural disasters to which PaRR responded during the relevant period in Plaintiffs' complaint, Houston worked on inspections in twenty separate locations across the country, including one location in California and another in Virginia. (*Id.* ¶ 24.) PaRR employed Houston as a FEMA inspector at a disaster site in Los Angeles from approximately February 2005 until July 2005. (Houston Decl. ¶ 3.)

On March 29, 2007, Houston called PaRR's offices in Winchester, Virginia to terminate his Independent Contractor Agreement because he was no longer available to perform housing inspections due to a medical condition. (Frost Decl. ¶ 27.)

---

[1] Docket No. 9, 36.

[2] D&D and PaRR note that Houston's declaration contradicts the averment in his complaint that he worked for PaRR "as an inspector on FEMA-related field inspections from the summer of 2003 through October 2005." (Compl. ¶ 23.) D&D and PaRR assert that Houston could not have begun working for PaRR in 1999 because PaRR was formed in October 2000 and did not provide housing inspection services to FEMA until February 2001. (D&D/PaRR Reply at p.6.n.9; Frost Supp. Decl. ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | | Date | February 11, 2008 |
|---|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | | |

    2.    <u>Lomascolo</u>

Plaintiff Lomascolo resides in Shawanese, Pennsylvania. (Compl. ¶ 8.) Defendants PBI and Alltech employed Lomascolo as a FEMA disaster inspector. (*Id.*) Lomascolo does not allege that PBI or Alltech has ever employed him as a disaster site inspector in California.

**B.    Defendants**

    1.    <u>D&D</u>

D&D is a Virginia limited liability company with its headquarters and principal place of business located in Fairfax, Virginia, in the Eastern District of Virginia. (Davis Decl. ¶ 4.)

    2.    <u>PaRR</u>

PaRR is a joint venture organized under the Virginia Partnership Act. (Frost Decl. ¶ 3.) PaRR has two partners, D&D and URS Group. (*Id.*) PaRR's principal place of business and headquarters are located in Winchester, Virginia.[3] (*Id.* ¶ 4.) D&D and URS Group organized PaRR for the purpose of providing "Management and Performance of Individual Housing Inspection Services" under a prime contract with FEMA. (*Id.* ¶ 5.)

PaRR's headquarters are adjacent to FEMA's primary disaster-relief office, the "National Processing Service Center," in Winchester, Virginia. (*Id.* ¶ 8.) PaRR prepares and mails each of its "Independent Contractor Agreements" from its offices in Winchester. (Davis Decl. ¶ 9.) Pursuant to an agreement between URS Group and D&D, PaRR uses D&D's technical offices in Fairfax for administrative functions, such as processing payment requests from and sending checks to its disaster inspectors. (Frost Decl. ¶ 29; Davis Decl. ¶¶ 9-10.)

/ / /

---

[3] Winchester is located in the Western District of Virginia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

    Plaintiffs assert that PaRR is currently employing FEMA disaster inspectors in Southern California in connection with wildfires that damaged homes in 2007. (Opp'n. to D&D/PaRR Mot. at p.3.; Kinnan Decl. Ex. 4.) Plaintiffs contend that these disaster inspectors, who are working in Southern California, are putative class members in this action. (Opp'n. to D&D/PaRR Mot. at p.3.)

    3.    <u>PBI</u>

    PBI is a Delaware corporation with its principal place of business in New York City. (Compl. ¶ 12.) PBI has seven offices in California. (Kinnan Decl. Ex. 9.)

    4.    <u>Alltech</u>

    Alltech is a Delaware corporation with its principal place of business in New York City. (Compl. ¶ 13.) Alltech is a wholly owned subsidiary of PBI. (Inglis Decl. ¶ 9.) Alltech contracts with FEMA to provide housing-inspection services in areas of the country that the President declares to be "disasters." (*Id.* ¶ 5.) Alltech's headquarters are located in Herndon, Virginia and its disaster-relief facilities are located in Winchester, Virginia. (*Id.* ¶ 3.) Alltech coordinates its FEMA-contracted services from its offices in Virginia and does not maintain employees or offices in California. (*Id.* ¶¶ 9-10, 28.) Each disaster inspector whom Alltech retains must sign an "Independent Contractor Agreement," which Alltech prepares and mails to the inspectors from its offices in Virginia. (*Id.* ¶ 8.) These agreements contain a provision requiring that disputes be decided under Virginia law. (Inglis Decl. Ex. B.) That is of little importance since FLSA is a federal statute.[4] Since 2004, only one of the 39 disaster sites across the country at which Alltech retained disaster inspectors was in California. (Inglis Decl. ¶¶ 11-12.)

---

    [4] The FLSA defines "employee" as "individual employed by an employer," and defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203 (e), (g). "The common law concepts of 'employee' and 'independent contractor' are not conclusive determinants of the FLSA's coverage." *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). The Ninth Circuit has "identified a number of factors which may be useful in distinguishing employees from independent contractors for purposes of social legislation such as the FLSA." *Id.* "The presence of any individual factor is not dispositive of whether an employee/employer relationship exists. Such a determination depends 'upon the circumstances of the whole activity.'" *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

    5.    <u>URS Corporation</u>

URS Corporation is a Delaware corporation with its principal place of business in San Francisco, California. (Steuer Decl. ¶ 2.) It is the parent corporation of URS Group, whose corporate headquarters and principal place of business are located in Gaithersburg, Maryland. (Lehman Decl. ¶ 3.) URS Corporation does not have a contract with FEMA or any dealings with Plaintiffs, D&D or PaRR. (Steuer Decl. ¶¶ 4, 6.)[5]

## III.   DISCUSSION

### A.   Legal Standard

Title 28 section 1404(a) of the United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (movant, the defendant, had the burden to justify by particular circumstances that the transferor forum was inappropriate).

Factors to be considered in evaluating motions to transfer under Section 1404(a) include: (1) the location where the events giving rise to the suit took place; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) the local interest in deciding local controversies at home; (6) the familiarity of the trial judge with the applicable state law in diversity cases; (7) the interest of justice in general; (8) the plaintiff's forum preference; (9) the enforceability of judgment and (10) the relative congestion of the courts' calendars. *Piper Aircraft Co. v.*

---

    [5] PaRR contends that Plaintiffs should have named URS Group as a defendant instead of URS Corporation because URS Group, not URS Corporation, is a partner in the PaRR joint venture. However, Plaintiffs point out that URS Corporation's website states that "URS Corporation, as the managing partner of a joint venture with . . . [D&D], has been awarded an indefinite delivery/indefinite quantity contract by the [FEMA] . . . ." (Kinnan Decl. Ex. 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

*Reyno*, 454 U.S. 235 (1981); *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947).[6]

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In determining whether to transfer a case, a district court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum. The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted) (affirming trial court's denial of defendant's motion to transfer case from Montana to Illinois where liability witnesses resided in Illinois and Indiana, but damages witnesses resided in Montana and claim arose in Montana). A plaintiff's choice of forum is not dispositive, however. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming district court's transfer of shareholder derivative suit from Los Angeles to the Southern District of New York, reasoning that because "operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").[7]

### B. The Location Where the Events Giving Rise to the Suit Took Place

The vast majority of the events giving rise to Plaintiffs' claims took place outside of California. From its offices in Virginia, Defendant PaRR prepared and sent to Houston the independent contractor agreement that he signed. Although Houston recently moved to California, he was a resident of Nevada when he entered into the independent contractor agreement with PaRR. (Frost Decl. ¶ 20, Ex. 3.) From its offices in Virginia, Defendant Alltech prepared and sent to Lomascolo the independent

---

[6] The parties do not address the ninth factor, the enforceability of judgment.

[7] The Ninth Circuit also concluded that the following facts supported the district court's transfer of the case: "(1) the stock purchase agreement was negotiated and executed in New York, (2) the majority of the witnesses live and work in the New York area where they are subject to subpoena, (3) all the defendants are subject to personal jurisdiction in New York, and (4) the costs of litigation would be drastically reduced if the case were heard in New York." *Lou*, 834 F.2d at 739.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

contractor agreement that he signed. Lomascolo has been a resident of Pennsylvania at all relevant times.

Defendants D&D and PaRR are based in Virginia and conduct their FEMA-related functions from their Virginia offices. Although PBI and Alltech are Delaware corporations with their principal places of business in New York City, Alltech's headquarters and disaster-relief facilities are located in Winchester, Virginia. Defendant URS Corporation is headquartered in San Francisco; however, it appears to have no relationship with FEMA or Plaintiffs.

The vast majority of the work that Houston performed for PaRR and all of the work that Lomascolo performed for Alltech took place outside of California. Only one of the twenty disaster sites at which PaRR retained Houston was in California, and Alltech never retained Lomascolo to perform work in California. Since 2004, only one of the 39 disaster sites across the country at which Alltech retained disaster inspectors was in California.

On balance, this factor favors transfer to Virginia.

### C. The Convenience of the Parties

The parties have not provided details about their respective resources for litigation. Houston and Plaintiffs' counsel reside in Los Angeles. Houston and Lomascolo would have to retain local counsel in Virginia if the Court transfers the action there. Meanwhile, Defendants maintain offices in Virginia; only Defendant PBI maintains an office in California. Accordingly, litigating this action in California would be inconvenient for Defendants. Thus, this factor favors neither party.

### D. The Convenience of the Witnesses

Other than Houston, Plaintiffs identify no witnesses in this case who reside in California. However, most, if not all, of Defendants' witnesses, including those whom FEMA employs, reside in Virginia or Washington, D.C. Defendants D&D and PaRR have identified the following witnesses: Douglas Frost, who serves as D&D's Vice President and as PaRR's Project Director for FEMA and who works in PaRR's operations headquarters in Winchester, Virginia; Ronald Klause, who serves as PaRR's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

Assistant Project Director and who works in D&D's headquarters in Fairfax, Virginia; and Lawrence Olinger, who serves as D&D's Executive Vice President for Federal Programs and who works in D&D's headquarters in Fairfax, Virginia. (Davis Decl. ¶ 11; Frost Decl. ¶¶ 2, 31-32.) Defendants PBI and Alltech have identified the following FEMA witnesses: Brian Verburg (FEMA Branch Chief), Steve Eells (FEMA Section Manager), Mike Hockman (FEMA Supervisor Program Specialist), and Helen Housand (Senior FEMA Contracting Officer), all of whom work at FEMA's National Processing Service Center in Winchester, Virginia or at its Washington, D.C. headquarters. (Inglis Supp. Decl. ¶¶ 8, 10-11.) Thus, this factor decidedly favors transfer to Virginia.

### E. The Location of Books and Records

PaRR and D&D assert that all of the documents they maintain that pertain to this case are located either in PaRR's operational headquarters in Winchester or D&D's headquarters in Fairfax. (Frost Decl. ¶ 36.) PBI and Alltech claim that all of their relevant documentary evidence is located either in Alltech's offices in Virginia or PBI's office in New York City. (Inglis Decl. ¶ 33.) They contend that such potentially voluminous evidence includes: independent contractor agreements, documents related to the retention of disaster inspectors, documents related to FEMA contracts, documents related to the disasters that Alltech serviced, and invoices related to the payment of the disaster inspectors. (*Id.* ¶ 33.) Accordingly, this factor favors transfer to Virginia.

### F. The Local Interest in Deciding Local Controversies at Home

Plaintiffs contend that PaRR currently retains disaster inspectors in California. Because PaRR does not pay these disaster inspectors overtime wages, Plaintiffs claim that they are putative class members. Accordingly, California has an interest, Plaintiffs argue, in protecting its residents from unlawful employment practices that take place in the state. But Virginia would have a corresponding interest in protecting putative class members who are residents of that state. Thus, at most this factor only slightly favors the California forum.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

### G.  The Familiarity of the Trial Judge with the Applicable State Law

Although Virginia law governs the independent contractor agreements that Houston and Lomascolo signed, federal law governs Plaintiffs' FLSA action. Thus, this factor favors neither party.

### H.  The Interests of Justice in General

Given that the majority of the parties, witnesses, and events giving rise to this suit are based in Virginia, the interests of justice will be served if the action is litigated in the Eastern District of Virginia.

### I.  The Plaintiffs' Forum Preference

Ordinarily the plaintiff's choice of forum would be accorded some weight. However, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Moreover, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Id.* Thus, this factor only slightly favors the California forum.

### J.  The Relative Congestion of the Courts' Calendars

D&D and PaRR assert that the Central District of California has four times as many cases pending before it than does the Eastern District of Virginia. (Froeschle Decl. Ex. 1.) The average length of time between the filing of a complaint and trial is 21.3 months in the Central District of California and 9.3 months in the Eastern District of Virginia. (*Id.*) Thus, this factor slightly favors transferring to Virginia.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-07357 AHM (PJWx) | Date | February 11, 2008 |
|---|---|---|---|
| Title | RONALD HOUSTON et al v. URS CORPORATION et al | | |

## IV. CONCLUSION

On balance, the factors weigh in favor of transferring this case to Virginia. For the foregoing reasons and good cause appearing therefor, the Court GRANTS the motions to transfer and hereby TRANSFERS the action to the Alexandria Division of the Eastern District of Virginia.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |