UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RONALD HOUSTON, on behalf of himself and all others similarly situated; and JOSEPH LOMASCOLO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> URS CORPORATION, DEWBERRY & DAVIS LLC, PARTNERSHIP FOR RESPONSE AND RECOVERY (PaRR), PARSONS BRINCKERHOFF, INC., and, ALLTECH, INC. <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANTS PARSONS BRINCKERHOFF INC. AND ALLTECH INC.'S MOTION TO SEVER CLAIMS** <br><br> Case No. 08 CV 203 (LO)(JFA) |

Defendants Parsons Brinckerhoff Inc. ("PBI") and ALLTECH, Inc. ("ALLTECH"), sued herein as "PARSONS BRINCKERHOFF, INC., and, ALLTECH, INC.," (and referred to herein as the "ALLTECH Defendants") by and through their undersigned counsel, submit this Memorandum of Law in Support of Defendants PBI's and ALLTECH Inc.'s Motion to Sever Claims. While Plaintiff Houston and Plaintiff Lomascolo each assert claims for overtime pay under the Fair Labor Standards Act, they do so against different Defendants. Since they did not share employers or terms and conditions of employment, their discrete claims should be severed.

## I. OVERVIEW

This case is brought as a putative collective action under the Fair Labor Standards Act ("FLSA") by Plaintiffs LOMASCOLO and HOUSTON. It was instituted in the Central District of California, but transferred to the instant venue upon Defendants' Motion. In addition to selection of an improper forum, Plaintiffs wrongly combined claims against wholly unrelated entities in this suit (as well as wrongly asserting claims against companies with which they had no relationship within the limitation period). To remedy that misjoinder, severance should be granted.

Plaintiffs jointly filed this action as a single lawsuit against clearly unrelated Defendants. During the period covered by their suit, Plaintiff Joseph Lomascolo rendered services as an independent contractor on assignments made available by ALLTECH. He makes no claim against PaRR or the other Defendants. In contrast, Plaintiff Ronald Houston rendered services upon assignments made available by Defendant Partnership For Response and Recovery ("PaRR"), not ALLTECH or PARSONS BRINCKERHOFF, INC. The Complaint and the briefs and affidavits submitted by Plaintiffs in opposition to the motion to dismiss or transfer, and in support of their Motion to Certify, establish unequivocally that Plaintiff Houston has no claim against the ALLTECH Defendants and Plaintiff Lomascolo has no cause of action against PaRR, co-Defendants Dewberry & Davis LLC ("D&D") or URS Corporation ("URS").

By filing the instant Complaint against Defendants PBI and ALLTECH and Defendants URS, D&D and PaRR, Plaintiffs inappropriately attempted to combine two separate cases into one putative "collective" action under the FLSA. Accordingly, for the reasons set forth more fully below, the ALLTECH Defendants request that the claims of the two named Plaintiffs be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure, and that the

case of Joseph Lomascolo v. Alltech Inc. and Parsons Brinckerhoff Inc. and the distinct case of Ronald Houston v. PaRR and Dewberry & Davis LLC proceed separately.[1]

## II.   STATEMENT OF FACTS[2]

ALLTECH, a wholly owned subsidiary of PBI, contracts with the Federal Emergency Management Agency ("FEMA") to conduct residential inspections at sites certified as disasters by the President.  Ex. A (Declaration of Hugh Inglis dated July 8, 2008 (hereafter referred to as "Inglis Declaration")), ¶ 3.  Id.  PaRR, a competitor of ALLTECH, also contracts with FEMA to conduct residential inspections.  Ex. B (Declaration of Douglas D. Frost dated December 3, 2007 (hereafter referred to as "Frost Declaration, ¶ 7)).  Plaintiff Lomascolo claims he improperly was classified as an independent contractor by the ALLTECH Defendants and is entitled to overtime payments under the FLSA.  Similarly, but wholly separately, Plaintiff Houston contends he improperly was classified as an independent contractor by PaRR.  All that the Defendants have in common is that each Defendant denies that Plaintiffs were their employees, and also deny that Plaintiffs are owed any overtime pay under the FLSA.  All that Plaintiffs have in common is an FLSA claim, but against wholly different entities.

### A.   THE DEFENDANTS SUED HEREIN ARE TWO WHOLLY UNRELATED CORPORATE ENTITIES

As noted above, the two Plaintiffs in this case each assert an FLSA claim only against one purported employer (and its related corporate entities).  Plaintiff Lomascolo alleges he was employed by ALLTECH, and Plaintiff Houston alleges he was employed by PaRR.

---

[1] Just as Defendants requested that Plaintiffs agree to transfer prior to making their motion to dismiss or to transfer (which they declined to do), Defendants requested that Plaintiffs voluntarily agree to severance.  Once again, Plaintiffs declined to do so, causing this Motion to be made.

[2] All exhibits ("Ex. __") are attached to the Affirmation of Paul J. Siegel, Esq. ("Siegel Aff.") unless otherwise indicated.

3

ALLTECH and PaRR are unrelated entities which compete in the same industry. Ex. A ¶¶ 5-6, 9, 32. Their respective parent corporations are similarly unrelated. Id. ¶¶ 6-9.

### a. DEFENDANTS ALLTECH AND PBI

Defendant ALLTECH is a Delaware corporation with its principal place of business within the Commonwealth of Virginia. Id. ¶ 4. It is a wholly owned subsidiary of Defendant PBI. Id. All of ALLTECH's stock is owned by PBI. ALLTECH does not share facilities, resources or ownership with any PaRR Defendant. Id. ¶¶ 6-9, 18-23.

Defendant PBI is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New York City. Id. ¶ 4. PBI has many wholly-owned subsidiaries, including ALLTECH.[3] Id. ¶ 4. No other subsidiary of PBI performs the housing inspection work performed by ALLTECH. Id. ¶ 33. All PBI stock is owned by its employees. Id. ¶ 34. PBI does not share facilities, resources or ownership with any PaRR Defendant. Id. ¶¶ 6-9.

### b. DEFENDANTS PARR, D&D AND URS

Defendant PaRR is a joint venture organized under the Virginia Uniform Partnership Act. Ex. B ¶ 3. It is comprised of two parties: Defendants D&D and URS. Id. Those two entities comprise PaRR, and no other entity has an ownership interest in PaRR. PaRR does not share facilities, resources or ownership with either ALLTECH Defendant. See generally Ex. A.

D&D is a limited liability company organized under the laws of Virginia. URS is a Delaware corporation headquartered in Maryland. Ex. B ¶ 3.

---

[3] This parent-subsidiary relationship does not make PBI a proper Defendant with respect to Plaintiff Lomascolo's claims. Lomascolo entered into a contractual agreement to conduct housing inspections solely with ALLTECH, not any other Defendant.

4

### B. THE TWO PURPORTED EMPLOYERS ARE WHOLLY UNRELATED ENTITIES WHICH HAPPEN TO PERFORM THE SAME TYPE OF WORK

The PB Defendants have no corporate relationship to the PaRR Defendants, a fact which cannot be disputed by Plaintiffs. See Ex. C (Plaintiff's Complaint (hereafter "Complaint")), ¶¶ 7-14; Ex. A ¶¶ 6-9, 18-30; Ex. B ¶¶ 3, 2. None of the PaRR Defendants has an ownership interest in either PBI or ALLTECH. Ex. A ¶¶ 6-8. Similarly, PBI and ALLTECH do not have an ownership interest in any of the PaRR Defendants. Id. ¶ 9. Rather than being commonly owned or controlled entities, ALLTECH is one of PaRR's principal competitors in inspection of residential housing pursuant to federally declared disaster programs administered by FEMA. Id. ¶ 28.

ALLTECH and PaRR compete with each other for contracts with FEMA to provide inspection services related to FEMA claims filed by individuals whose homes have been damaged or destroyed in natural disasters. Id. ¶¶ 5, 28. The PaRR Defendants lack involvement with ALLTECH's negotiation of its contract with FEMA, just as ALLTECH and PBI are not involved in the PaRR Defendants' negotiation of its contract with FEMA. Id. ¶¶ 26-27. ALLTECH establishes and negotiates modification of fee rates for inspections without consultation with PaRR. Id. ¶ 29. PaRR has never consulted ALLTECH regarding same. Id.

ALLTECH administers its own personnel, contractors, and rules, policies and protocols without regard to or consultation with PaRR. Id. ¶¶ 30-31. ALLTECH and PBI do not interchange management or administrative staff with any of the PaRR Defendants; ALLTECH and PBI do not share any fringe benefit program with the PaRR Defendants; ALLTECH and PBI do not share a banking relationship with any of the PaRR Defendants; ALLTECH and PBI do not share Human Resources functions with any of the PaRR Defendants; and ALLTECH maintains its own computer systems, Call Center, Accounting department and all other

5

departments separate from and independent of the PaRR Defendants.  Id. ¶¶ 18-21, 22.  Indeed, ALLTECH and PBI do not share any material, equipment or facilities with any of the PaRR Defendants.  Id. ¶ 22.

In sum, the ALLTECH Defendants and the PaRR Defendants are independent entities that do not share common ownership, benefits, facilities or financial resources.  Id. ¶ 23; Ex. B ¶¶ 1-10.  Plaintiffs so concede.  Ex C. ¶¶ 9-13; Ex. D (Plaintiff's Opposition to Defendants' Motion to Dismiss For Improper Venue Or, In the Alternative, To Transfer Venue (hereafter "Plaintiffs' Opp.")).

> C. **EACH PLAINTIFF HAD A RELATIONSHIP ONLY WITH THE DEFENDANT WITH WHOM HE CONTRACTED TO PERFORM INSPECTIONS WITHIN THE FLSA STATUTE OF LIMITATIONS**

On or about November 8, 2007, Plaintiffs filed their Class Action Complaint seeking to represent all similarly situated inspectors with respect to their FLSA allegations against a broad spectrum of companies.  Ex. C ¶¶ 1-3.  Plaintiff Houston seeks recovery of wages under the FLSA and injunctive relief only against PaRR and its related co-Defendants.  Id. ¶¶ 7, 15, 78-88.  Plaintiff Lomascolo seeks recovery of wages under the FLSA and injunctive relief only against ALLTECH and PBI.  Id. ¶¶ 8, 16, 89-99.  Neither Plaintiff alleges a cause of action against the entity for which he did not perform services (and indeed, no such cause could exist).  As such, these separate suits and distinctly unrelated claims should be severed.

Plaintiff Ronald Houston performed inspection work for PaRR under an Independent Contractor Agreement.  Ex. B ¶ 20 and Exhibit 3 thereto.  Plaintiff Joseph Lomascolo, in contrast, performed inspection work for ALLTECH, also under an Independent Contractor Agreement.  Ex. E (Declaration of Hugh Inglis in support of Parsons Brinckerhoff Inc.'s and ALLTECH's Motion to Dismiss or Transfer Venue, dated January 3, 2008) ¶ 21 and

Exhibit B thereto. Lomascolo did not perform inspections for PaRR during the two or three year potential FLSA limitation periods; Houston did not perform inspections for ALLTECH during such period. Ex. A ¶¶ 10-13.

### III.  LEGAL ARGUMENT

**SEVERANCE IS APPROPRIATE WHERE THE CLAIMS ARISE OUT OF SEPARATE TRANSACTIONS**

Severance should be granted due to unquestionable misjoinder. Fed. R. Civ. P. 21. Misjoinder occurs, and severance is required, unless the two prerequisites for joinder under Rule 20(a) are satisfied: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action. Id. at 138 citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Since the joinder standard of Fed. R. Civ. P. 20(a) is not satisfied by the unrelated Plaintiffs who have unrelated claims against different Defendants, the unrelated Plaintiffs and Defendants should adjudicate their claims in separate suits. See, e.g., M.K. v. Tenet, 216 F.R.D. 133, 137 (D.D.C. 2002).

There is no common question of law or fact among these wholly unrelated Defendants. Each Plaintiff's claims and each Defendant's defenses will require separate trials of unrelated facts. Even if the alleged applicability of the FLSA could be considered a "common question of law," the transactions at issue are separate and unrelated and in no way constitute the "same" or a "series" of transactions as set forth in Fed. R. Civ. P. Rule 20. Carney v. Treadeau, 2008 U.S. Dist. LEXIS 11859 at fn. 5 (W.D. Mich., Feb. 19, 2008). Indeed, as set forth above, Plaintiffs concede that the ALLTECH Defendants and PaRR Defendants are separate and unrelated entities, which do not share any common ownership, benefits, facilities or financial

7

resources. Moreover, and especially pertinent herein, the PaRR Defendants are not involved with ALLTECH's negotiation of its contract with FEMA, or its recruitment of inspectors and establishment and negotiation of fee rates paid to its inspectors (the precise issue at hand herein), and vice versa.

Since Plaintiffs improperly have unified into a single lawsuit similar claims against two unrelated sets of Defendants, the claims should be severed to avoid a confusing, lengthy trial. See, e.g., Snodgrass v. New Century Mortg. Corp., 358 B.R. 675, 679-680 (S.D. W. Va. July 10, 2006) (claims against two different lenders properly were severed where "the complaint alleges nothing to indicate any connection" between the two sets of defendants), citing Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674 (6th Cir. 1988).

Further support to sever these unrelated claims and parties arises from the District Court's ruling in Adkins v. Labor Ready, Inc., 205 F.R.D. 460 (S.D. W. Va. Sept. 28, 2001), an FLSA collective action, where plaintiffs sought overtime pay for work performed for various companies through Labor Ready, a temporary employment agency. Id. at 461. In Adkins, Plaintiffs sought to join sixty-four clients of Labor Ready (who each separately had retained labor services through Labor Ready) in one single FLSA action. Id. The Court severed the claims finding that since each individual plaintiff's work experience (and thus each individual FLSA claim) arose out of "distinct transactions" with Labor Ready, and the separate company or companies where that particular plaintiff worked, the FLSA claims were not properly joined together. Id.; see also Wynn v. NBC, 234 F. Supp. 2d 1067, 1085-90 (C.D. Cal. Jan. 25, 2002)(declining to join separate Age Discrimination in Employment Act claims of entertainment industry writers because each had a "different factual basis").

Similarly, in Radtke v. Caschetta, 2007 U.S. Dist. LEXIS 35285 (D.D.C. May 15, 2007), the Court was confronted with a nearly identical scenario to this case. In Radtke, two Plaintiffs who performed the same type of work (but for different entities) filed a single Complaint joining their respective FLSA claims against two unrelated hospitals and an individual. Id. at *2-3. Faced with uncontroverted evidence that 1) the two hospitals were not related; 2) the individual was a joint employer with only one of the unrelated hospitals; and, 3) each Plaintiff had been employed by only one of the two distinct employers, the Court severed the claims. Id. at * 5-6.[4]

Here, like in Adkins, Wynn and Caschetta, Lomascolo and Houston were employed by two separate, distinct and unrelated entities. As detailed above, the two Defendants are unrelated and wholly distinct and separate entities. Moreover, each Plaintiff's claims arise out of a distinct series of transactions with his own purported "employer", and not both sets Defendants.

Accordingly, because Plaintiffs' claims do not meet the requirements of Fed. R. Civ. P. Rule 20, their claims must be severed into two separate actions.

---

[4] In Caschetta, the Court later vacated and reversed its decision to sever after plaintiffs presented evidence of the inter-relationship between the hospitals and the individual defendant in that case. Radtke v. Caschetta, 2007 U.S. Dist. LEXIS 96149 (D.D.C. July 17, 2007). Specifically, Plaintiffs came forward with evidence that the defendant, Caschetta, interviewed, hired and supervised the Plaintiff she previously had claimed to have no relationship with. Id. at *11-12. Plaintiffs in this case cannot demonstrate these or any other ties between the two unrelated sets of Defendants in this matter – none exist.

9

## **CONCLUSION**

For the reasons set forth herein, the Defendants ALLTECH and PBI respectfully request that this Court GRANT their Motion to Sever Claims, and enter an order severing the two improperly joined lawsuits into separate actions.

Dated this the 10th day of July, 2008.

Respectfully submitted,

By:     /s/ Kara M. Ariail
    KARA M. ARIAIL (VA Bar No. 46817)
    ariailk@jacksonlewis.com
    TERESA BURKE WRIGHT (VA Bar No. 30770)
    wrightt@jacksonlewis.com
    PAUL J. SIEGEL
    siegelp@jacksonlewis.com
    WENDY J. MELLK
    mellkw@jacksonlewis.com
    PAUL DeCAMP
    decampp@jacksonlewis.com
    JACKSON LEWIS LLP
    8614 Westwood Center Drive
    Suite 950
    Vienna, VA 22182
    Telephone 703 821-2189
    Facsimile 703 821-2267
    *Attorneys for Defendants*
    *PARSONS BRINCKERHOFF INC., and*
    *ALLTECH, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2008, I will electronically file the foregoing *Memorandum in Support of Defendants Parsons Brinckerhoff Inc. and AllTech Inc.'s Motion to Sever Claims* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael E. Kinney, Esquire
HUNTON & WILILAMS, LLP
1751 Pinnacle Drive, Suite 1700
McLean ,VA 22102
mkinney@hunton.com

Stacey Lara Rose, Esq.
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, VA  22102
srose@hunton.com

Gary Brooks Mims, Esq.
HALL, SICKELS, FREI, KATTENTBURG & MIMS, P.C.
1210 Sunset Hills Road, Suite 150
Reston, VA  20192
Gary.mims@hallandsickels.com

Gobind Singh Sethi, Esq.
HALL, SICKELS, FREI, KATTENTBURG & MIMS, P.C.
1210 Sunset Hills Road, Suite 150
Reston, VA  20192
gobind.sethi@hallandsickels.com

And I hereby certify that I will send the document via Federal Express to the following non-filing users:

Walter J. Lack
Engstrom Lipscomb and Lack
10100 Santa Monica Blvd.
16th Floor
Los Angeles, CA  90067-4107

Thomas Patrick Murphy
Hunton & Williams
1751 Pinnacle Drive
Suite 1700
McLean, VA  22102

Stephen Michael Sayers
Hunton & Williams
1751 Pinnacle Drive
Suite 1700
McLean, VA  22102

By: /s/ Kara M. Ariail
KARA M. ARIAIL (VA Bar No. 46817)
ariailk@jacksonlewis.com
TERESA BURKE WRIGHT (VA Bar No. 30770)
wrightt@jacksonlewis.com
PAUL J. SIEGEL
siegelp@jacksonlewis.com
WENDY J. MELLK
mellkw@jacksonlewis.com
PAUL DeCAMP
decampp@jacksonlewis.com
Jackson Lewis LLP
8614 Westwood Center Drive
Suite 950
Vienna, VA 22182
Telephone 703 821-2189
Facsimile 703 821-2267
*Attorneys for Defendants*
*PARSONS BRINCKERHOFF INC., and*
*ALLTECH, INC.*