# EXHIBIT 2



HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL   703 • 714 • 7400
FAX   703 • 714 • 7410

STEPHEN M. SAYERS
DIRECT DIAL: 703-714-7436
EMAIL:  ssayers@hunton.com

September 10, 2008

FILE NO: 39876.000034

**BY E-MAIL**

Jeffrey Reynolds, Esq.
Trial Attorney
Office of Chief Counsel -- Litigation Division
FEDERAL EMERGENCY MANAGEMENT AGENCY
500 C Street, S.W., Room 840
Washington, D.C.  20482

<u>Ronald E. Houston, et al. v. URS Corporation, et al.</u>
United States District Court for the Eastern District of Virginia
Case No. 1:08CV203

Dear Mr. Reynolds:

Thank you for your communication yesterday.  I also thank you for the e-mail that you sent me on September 8, 2008, concerning your discussions with Mr. Fried about the upcoming depositions of the Partnership for Response and Recovery ("PaRR"), Dewberry & Davis LLC, Parsons Brinckerhoff, Inc. and Alltech, Inc. ("ALLTECH").  The purpose of these depositions is to facilitate limited discovery, as authorized by the United States District Court for the Eastern District of Virginia, following a hearing held on July 11, 2008.  The expected scope of those depositions is set out in the attached Fed. R. Civ. P. 30(b)(6) notices.  As we have explained, the Plaintiffs claim that they, and other inspectors who are, purportedly, "similarly situated" to them, were "employees," rather than Independent Contractors under contract to the Defendants.  As such, they claim that they should have received overtime compensation in certain work weeks pursuant to the Fair Labor Standards Act. The District Court denied the Plaintiffs' motion for conditional certification of this case as a "collective" action, without prejudice.  It stayed general discovery, but permitted limited preliminary discovery addressed to a single issue:  are the potential "collective" action Plaintiffs, consisting of Independent Contractors who worked for PaRR and ALLTECH, "similarly situated" to the named Plaintiffs and each other?  If they are, then the District Court has indicated that it is likely to certify this case as a "collective" action, pursuant to Section 216(b) of the Fair Labor Standards Act. This certification will be conditional only, subject to decertification after full discovery in this case is completed.



Jeffrey Reynolds, Esq.
September 10, 2008
Page 2

    It is difficult to predict, at this point, what questions will be asked of the designees of PaRR and ALLTECH at these depositions. The deposition Notices speak for themselves. For ease of reference, I am again attaching copies of these Notices to you. Those Notices outline the two subjects for which the Plaintiffs have asked PaRR and ALLTECH to designate someone to testify. It is not possible for PaRR or ALLTECH to give any assurance that the Plaintiffs will not try to elicit testimony that could be considered by FEMA to be detrimental to its interests. Consequently, the parties are unable to give a blanket assurance of the type that you seek in your e-mail of September 8, 2008. Since we would like the depositions to move forward, we suggest that the best option to protect FEMA's interests is to have a FEMA attorney, perhaps you, attend these depositions so that you can evaluate the questions that may be presented to PaRR or ALLTECH. By being present, that attorney could determine whether any question calls for disclosure of information that cannot be divulged under the federal regulations promulgated following *Touhy*. Currently, the depositions are scheduled to take place at the offices of local counsel for the Plaintiffs. Those offices are located in Reston, Virginia. If that location is inconvenient for you, I am sure that we can rearrange a different location, perhaps at FEMA's offices in Winchester, Virginia or Washington, D.C.

    We would appreciate a prompt response to this letter, advising us whether FEMA is granting written authorization to PaRR and ALLTECH, pursuant to the applicable federal regulations, to go forward with these depositions and for PaRR and ALLTECH, to produce the documents requested by Plaintiffs (all of which have been supplied to FEMA for review). Neither PaRR nor ALLTECH want to run afoul of any federal regulations. Similarly, we both want to comply with the Court's Orders, which has imposed the date of October 10, 2008 as the date for completion of preliminary discovery addressed to the issue of whether this case should be conditionally certified as an FLSA "collective" action.

                             Very truly yours,

                             Stephen M. Sayers

SMS:kmk

cc:    Paul J. Siegel, Esq.
        Richard Kinnan, Esq.