IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RONALD E. HOUSTON, on behalf of himself and all other similarly situated, and JOSEPH LOMASCOLO, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>URS CORPORATION, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 1:08cv203 (LO/JFA)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED ANSWER OF DEFENDANTS PARTNERSHIP FOR RESPONSE AND RECOVERY AND DEWBERRY & DAVIS LLC

The Partnership for Response and Recovery ("PaRR") and Dewberry & Davis LLC ("Dewberry"), by counsel and pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), answer the averments made in the Complaint filed by the Plaintiffs, Ronald E. Houston ("Houston") and Joseph Lomascolo ("Lomascolo"), as follows:

1.      The contentions made in Paragraph 1 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

2.      Dewberry and PaRR deny the averments made in Paragraph 2 of the Complaint.

3.      Dewberry and PaRR deny the factual averments made in Paragraph 3 of the Complaint.

4.      The contentions made in Paragraph 4 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

5.      The contentions made in Paragraph 5 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

6.      The contentions made in Paragraph 6 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

7.      Dewberry and PaRR deny the factual averments made in Paragraph 7 of the Complaint.  Houston was an Independent Contractor, under contract to PaRR, and PaRR never employed him as alleged.  Furthermore, Houston had a criminal background, which he concealed from PaRR, and PaRR never would have signed an Independent Contractor Agreement with him if it had known about his criminal background.

8.      Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 8 of the Complaint, but both Dewberry and PaRR state that they have never had any contractual relation with Lomascolo.

9.      In response to the factual averments made in the first and second sentences of Paragraph 9 of the Complaint, Dewberry and PaRR admit that URS Corporation ("URS Corp.") is a Delaware corporation with its principal place of business located at 600 Montgomery Street, San Francisco, California  94111, and that it does business in California.  Dewberry and PaRR deny the factual averments made in the third sentence of Paragraph 9.

10.      In response to the factual averments made in the first sentence of Paragraph 10 of the Complaint, Dewberry and PaRR do not know what the Plaintiffs have been told or what they believe, but Dewberry and Parr deny that Dewberry is a Virginia corporation.  Dewberry and PaRR admit, however, that Dewberry's principal place of business is located in Fairfax, Virginia. Dewberry and PaRR deny the averments made in the second sentence of Paragraph 10, as phrased.  Dewberry and PaRR deny the factual averments made in the third sentence of that Paragraph.

11.      In response to the factual averments made in the first sentence of Paragraph 11 of the Complaint, Dewberry and PaRR do not know what the Plaintiffs have been told or what they believe, but Dewberry and PaRR deny the factual averments made in the first sentence of Paragraph 11 of the Complaint, as phrased, and admit that, as previously disclosed to the counsel for Houston, URS Group, Inc. ("URS Group"), a subsidiary of URS Corp., is a partner with

Dewberry in PaRR, and that PaRR was formed as a partnership pursuant to the Virginia Uniform Partnership Act. Dewberry and PaRR also admit that PaRR has a contract with FEMA, but deny the remaining averments in Paragraph 11.

12. Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the factual averments made in Paragraph 12 of the Complaint.

13. Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the factual averments made in Paragraph 13 of the Complaint.

14. Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 14 of the Complaint.

15. The contentions made in Paragraph 15 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

16. The contentions made in Paragraph 16 of the Complaint consist of legal arguments, and they do not require a response under the Federal Rules of Civil Procedure.

17. The averments made in Paragraph 17 of the Complaint appear to be incomplete, but, to the extent that Dewberry and PaRR understand them, Dewberry and PaRR state that those averments consist of legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

18. The averments made in Paragraph 18 of the Complaint appear to be incomplete, but, to the extent that Dewberry and PaRR understand them, Dewberry and PaRR state that those averments consist of legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

19. Dewberry and PaRR deny the factual averments made in Paragraph 19 of the Complaint. Houston was an Independent Contractor, under contract to PaRR, and PaRR never employed him as alleged. Furthermore, Houston had a criminal background, which he concealed from PaRR, and PaRR never would have signed an Independent Contractor Agreement with him if it had known about his criminal background.

20.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 20 of the Complaint.

21.     Dewberry and PaRR deny the factual averments made in Paragraph 21 of the Complaint.

22.     Dewberry and PaRR deny the factual averments made in Paragraph 22 of the Complaint.

23.     Dewberry and PaRR deny the factual averments made in Paragraph 23 of the Complaint.

24.     Dewberry and PaRR deny the factual averments made in Paragraph 24 of the Complaint.

25.     Dewberry and PaRR deny the factual averments made in Paragraph 25 of the Complaint.

26.     Dewberry and PaRR deny the factual averments made in Paragraph 26 of the Complaint.

27.     Dewberry and PaRR deny the factual averments made in Paragraph 27 of the Complaint.

28.     Dewberry and PaRR deny the factual averments made in Paragraph 28 of the Complaint.

29.     Dewberry and PaRR deny the factual averments made in Paragraph 29 of the Complaint.

30.     Dewberry and PaRR deny the factual averments made in Paragraph 30 of the Complaint.

31.     Dewberry and PaRR deny the factual averments made in Paragraph 31 of the Complaint.

32.     Dewberry and PaRR deny the factual averments made in Paragraph 32 of the Complaint.

33.     Dewberry and PaRR deny the factual averments made in Paragraph 33 of the Complaint.

34.     Dewberry and PaRR deny the factual averments made in Paragraph 34 of the Complaint.

35.     Dewberry and PaRR deny the factual averments made in Paragraph 35 of the Complaint.

36.     Dewberry and PaRR deny the factual averments made in Paragraph 36 of the Complaint.

37.     Dewberry and PaRR deny the factual averments made in Paragraph 37 of the Complaint.

38.     Dewberry and PaRR deny the factual averments made in Paragraph 38 of the Complaint.

39.     Dewberry and PaRR deny the factual averments made in Paragraph 39 of the Complaint.

40.     Dewberry and PaRR deny the factual averments made in Paragraph 40 of the Complaint.

41.     Dewberry and PaRR deny the factual averments made in Paragraph 41 the Complaint.

42.     Dewberry and PaRR deny the factual averments made in Paragraph 42 of the Complaint.

43.     Dewberry and PaRR deny the factual averments made in Paragraph 43 of the Complaint.

44.     Dewberry and PaRR deny the factual averments made in Paragraph 44 of the Complaint.

45.     Dewberry and PaRR deny the factual averments made in Paragraph 45 of the Complaint.

46.     Dewberry and PaRR deny the factual averments made in Paragraph 46 of the Complaint.

47.     Dewberry and PaRR deny the averments made in Paragraph 47 of the Complaint.

48.     Dewberry and PaRR deny the averments made in Paragraph 48 of the Complaint.

49.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 49 of the Complaint.

50.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 50 of the Complaint.

51.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 51 of the Complaint.

52.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 52 of the Complaint.

53.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 53 of the Complaint.

54.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 54 of the Complaint.

55.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 55 of the Complaint.

56.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 56 of the Complaint.

57.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 57 of the Complaint.

58.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 58 of the Complaint.

59.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 59 of the Complaint.

60.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 60 of the Complaint.

61.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 61 of the Complaint.

62.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 62 of the Complaint.

63.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 63 of the Complaint.

64.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 64 of the Complaint.

65.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 65 of the Complaint.

66.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 66 of the Complaint.

67.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 67 of the Complaint.

68.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 68 of the Complaint.

69.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 69 of the Complaint.

70.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 70 of the Complaint.

71.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 71 of the Complaint.

72.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 72 of the Complaint.

73.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 73 of the Complaint.

74.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 74 of the Complaint.

75.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 75 of the Complaint.

76.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 76 of the Complaint.

77.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 77 of the Complaint.

## Count 1

78.     In response to the averments made in Paragraph 78 of the Complaint, Dewberry and PaRR incorporate each of the answers contained in Paragraphs 1-77 above.

79.     Dewberry and PaRR deny the averments made in Paragraph 79 of the Complaint.

80.     Dewberry and PaRR deny the averments made in Paragraph 80 of the Complaint.

81.     Dewberry and PaRR deny the averments made in Paragraph 81 of the Complaint.

82.     Dewberry and PaRR deny the averments made in Paragraph 82 of the Complaint.

83.     Dewberry and PaRR deny the averments made in Paragraph 83 of the Complaint.

84.     Dewberry and PaRR deny the averments made in Paragraph 84 of the Complaint.

85.     Dewberry and PaRR deny the averments made in Paragraph 85 of the Complaint.

## Count 2

86.     In response to the averments made in Paragraph 86 of the Complaint, Dewberry and PaRR incorporate each of the answers contained in Paragraphs 1-85 above.

87.     Dewberry and PaRR deny the averments made in Paragraph 87 of the Complaint.

88.     Dewberry and PaRR deny the averments made in Paragraph 88 of the Complaint.

## Count 3

89.     In response to the averment made in Paragraph 89 of the Complaint, Dewberry and PaRR incorporate each of the answers contained in Paragraphs 1-88 above.

90.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 90 of the Complaint.

91.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 91 of the Complaint.

92.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 92 of the Complaint.

93.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 93 of the Complaint.

94.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 94 of the Complaint.

95.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 95 of the Complaint.

96.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 96 of the Complaint.

### Count 4

97.     In response to the averments made in Paragraph 87 of the Complaint, Dewberry and PaRR incorporate each of the answers contained in Paragraphs 1-96 above.

98.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 98 of the Complaint.

99.     Dewberry and PaRR lack knowledge or information sufficient to form a belief about the truth of the averments made in Paragraph 99 of the Complaint.

100.    Dewberry and PaRR deny any remaining averment of fact contained in the Complaint that has not been expressly admitted in Paragraphs 1-99 above.

## AFFIRMATIVE DEFENSES

Dewberry and PaRR assert the following affirmative defenses, and reserve the right to assert any others found to be justified during the course of discovery:

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted against either Dewberry and PaRR.

### Second Affirmative Defense

2. Some or all of Houston's claims, and those of all other potential plaintiffs, are barred by the statute of limitations.

### Third Affirmative Defense

3. Houston's claims, and those of any other potential plaintiffs, are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

4. Houston and any other potential plaintiffs lack standing to seek the relief requested.

### Fifth Affirmative Defense

5. Neither Houston, nor any other potential plaintiff, is entitled to equitable relief because he has adequate remedies at law.

### Sixth Affirmative Defense

6. Houston's claims, and those of any other potential plaintiffs, are barred by the doctrines of accord and satisfaction, estoppel, waiver and/or release.

### Seventh Affirmative Defense

7. Houston's claims, and those of any other potential plaintiffs, are barred by the doctrines of laches and/or acquiescence.

### Eighth Affirmative Defense

8.      Houston, and other potential plaintiffs, have failed to mitigate their damages, if any.

### Ninth Affirmative Defense

9.      Any damages claimed by Houston, or by any potential plaintiff, would have been caused, in whole or in part, by his own or their own negligence, or other intervening or superseding causes over which Dewberry and PaRR had no control.

### Tenth Affirmative Defense

10.      Houston and all other potential plaintiffs have been paid in full for all hours that they have worked.

### Eleventh Affirmative Defense

11.      Some or all of Houston's claims, and those of any other potential plaintiffs, may be barred by setoffs, wage credits, premium payments, or offsets permissible under the Fair Labor Standards Act ("FLSA").

### Twelfth Affirmative Defense

12.      Houston has alleged no reasonable basis from which a claim of class-wide conduct may be recognized.

### Thirteenth Affirmative Defense

13.      The individualized nature of Houston's claims demonstrates that he is not situated similarly to any other potential plaintiffs and, therefore, he is not an appropriate class plaintiff.

### Fourteenth Affirmative Defense

14.      Despite having signed an Independent Contractor Agreement, in which he expressly acknowledged that he was an independent contractor of PaRR, even if Houston could credibly argue that he should be considered an "employee" for purposes of the FLSA, which he cannot, he would still be exempt from the overtime provisions of the FLSA as an "administrative employee," under 29 U.S.C. § 213.

## Fifteenth Affirmative Defense

15.     Despite having signed an Independent Contractor Agreement, in which he expressly acknowledged that he was an independent contractor of PaRR, even if Houston could credibly argue that he should be considered an "employee" for purposes of the FLSA, which he cannot, he received payments made to him for vacation, holiday, travel expenses, and other expenses and those payments would be exempt from the regular-hourly-rate calculation under 29 U.S.C. § 207(e)(2).

## Sixteenth Affirmative Defense

16.     Despite having signed an Independent Contractor Agreement, in which he expressly acknowledged that he was an independent contractor of PaRR, even if Houston could credibly argue that he should be considered an "employee" for purposes of the FLSA, which he cannot, he has already been paid overtime premiums, which would be exempt from the regular hourly-rate calculation under 29 U.S.C. § 207(e)(5).

## Seventeenth Affirmative Defense

17.     Despite having signed an Independent Contractor Agreement, in which he expressly acknowledged that he was an independent contractor of PaRR, even if Houston could credibly argue that he should be considered an "employee" for purposes of the FLSA, which he cannot, cash payments were made to him in lieu of fringe benefits under the Service Contract Act that are exempt from the regular hourly-rate calculation under 29 C.F.R. § 4.182.

## Eighteenth Affirmative Defense

18.     Despite having signed an Independent Contractor Agreement, in which he expressly acknowledged that he was an independent contractor of PaRR, even if Houston could credibly argue that he should be considered an "employee" for purposes of the FLSA, which he cannot, he has already been paid extra compensation, which would be creditable under 29 U.S.C. § 207(h) toward any overtime compensation which he is now claiming.

**Nineteenth Affirmative Defense**

19.     Neither Dewberry nor Parr have committed any violation of the FLSA, willful or otherwise.

**Twentieth Affirmative Defense**

20.     At all times relevant to the Complaint, both Dewberry and PaRR have acted in good faith.

**Twenty-First Affirmative Defense**

21.     At all times relevant to the Complaint, Dewberry and PaRR had reasonable grounds to believe that Houston was exempt from the requirements of the FLSA, and that they did not violate any of his or others' rights under the FLSA or any other law, rule or regulation and they are not, therefore, liable for liquidated damages.

**Twenty-Second Affirmative Defense**

22.     Houston is not similarly situated to other members of any potential class, and, for that reason, his claims cannot properly be joined with the purported claims of any other potential plaintiffs who may opt in, and none of Houston's claims should be part of any collective action under the FLSA.

**Twenty-Third Affirmative Defense**

23.     None of the Defendants is an "employer" of Houston or any potential member of the putative collective action, as the term "employer" is used in the statutes and regulations relied upon by Houston.

**Twenty-Fourth Affirmative Defense**

29.     Houston had a felony conviction before certifying to PaRR that he did not, and before affirmatively misrepresenting to PaRR that he had no such prior criminal history.  In fact, at all times material to this case, Houston knew that he had been convicted of the felony of possession of cocaine base with intent to distribute.  A jury found him guilty of this charge at a trial held in Gardena, California.  In the same trial, the jury also found Houston guilty of other crimes, namely: resisting arrest; use of violence against a law enforcement officer; possession of

a loaded firearm in a vehicle; carrying a concealed weapon without a permit; and battery against Renée Hill.  If PaRR had known about Houston's criminal background, it never would have retained Houston as an Independent Contractor in the first place.  At all times material to this case, Houston knew the truth about his criminal background.  He deliberately withheld the truth about his convictions from PaRR, and affirmatively misrepresented to PaRR that he had no such criminal background.  As a result, the Independent Contractor Agreement that PaRR signed with Houston was induced by fraud, and was void *ab initio*.

THEREFORE, having fully answered the averments contained in the Complaint, Dewberry and PaRR request the Court to dismiss the Complaint with prejudice, and to award them all legally recoverable fees, costs and expenses that they have incurred in having to defend this action.

PARTNERSHIP FOR RESPONSE AND
RECOVERY
DEWBERRY & DAVIS LLC


By: _____/s/_____
        Michael E. Kinney

Stephen M. Sayers (VSB No. 23066)
Thomas P. Murphy (VSB No. 30765)
Michael E. Kinney (VSB No. 65056)
*Counsel for the Defendants,*
*Partnership for Response and Recovery and Dewberry & Davis LLC*
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone:  (703) 714-7400
Facsimile:  (703) 714-7410
ssayers@hunton.com
tmurphy@hunton.com
mkinney@hunton.com

        - and -

James P. Naughton (VSB No. 25923)
*Counsel for the Defendants,*
*Partnership for Response and Recovery and Dewberry & Davis LLC*
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
Norfolk, Virginia  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
jnaughton@hunton.com

## CERTIFICATE OF SERVICE

I certify that on the 17th day of November, 2008, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gary B. Mims (VSB No. 19184)
Steven M. Frei (VSB No. 32211)
Gobind S. Sethi (VSB No. 72266)
*Local Counsel for the Plaintiffs,*
*Ronald E. Houston and Joseph Lomascolo*
HALL, SICKELS, FREI & MIMS, P.C.
12120 Sunset Hills Road, Suite 150
Reston, Virginia  20190
Telephone:  (703) 925-0500
Facsimile:  (703) 925-0501
gary.mims@hallandsickels.com
steve.frei@hallandsickels.com
gobind.sethi@hallandsickels.com

- and -

Teresa Burke Wright (VSB No. 30770)
Kara M. Ariail (VSB No. 46817)
Andrew S. Cabana (VSB No. 48151)
*Local Counsel for the Defendants,*
*Parsons Brinckerhoff Inc., and Alltech, Inc.*
JACKSON LEWIS LLP
10701 Parkridge Boulevard, Suite 300
Reston, Virginia  22182
Telephone: (703) 483-8300
Facsimile: (703) 483-8301
WrightT@jacksonlewis.com
AriailK@jacksonlewis.com
CabanaA@jacksonlewis.com

And I hereby certify that I will send the foregoing by U.S. Mail to the following non-filing users:

Walter K. Lack (admitted *pro hac vice*)
Richard P. Kinnan (admitted *pro hac vice*)
Paul Allan Traina (admitted *pro hac vice*)
*Counsel for the Plaintiffs,*
*Ronald E. Houston and Joseph Lomascolo*
ENGSTROM LIPSCOMB & LACK
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, California  90067-4107
Telephone:  (310) 552-3800
Facsimile:  (310) 552-9434

              - and -

Karl A. Gerber (admitted *pro hac vice*)
*Counsel for the Plaintiffs,*
*Ronald E. Houston and Joseph Lomascolo*
EMPLOYMENT LAWYER'S GROUP
13418 Ventura Boulevard
Sherman Oaks, California  91423
Telephone:  (818) 783-7300
Facsimile:  (818) 995-7159

              - and -

Paul J. Siegel (admitted *pro hac vice*)
Wendy J. Mellk (admitted *pro hac vice*)
*Counsel for the Defendants,*
*Parsons Brinckerhoff Inc., and Alltech, Inc.*
JACKSON LEWIS LLP
58 South Service Road, Suite 410
Melville, New York 11747
Telephone:  (631) 247-0404
Facsimile:  (631) 247-0417

                            /s/
_____
Michael E. Kinney (VSB No. 65056)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone:  (703) 714-7400
Facsimile:  (703) 714-7410
mkinney@hunton.com