IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RONALD E. HOUSTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:08cv203 (AJT/JFA) |
| ) | |
| URS CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Renewed Motion for Order Certifying the Case as a Collective Action Under the Fair Labor Standards Act, 29 U.S.C. § 216(b) and also Defendants' Motion to Sever Claims. On December 12, 2008, this Court heard oral argument on these motions, following which the Court granted, with certain modifications, Plaintiffs' Motion and also granted Defendants' Motion to Sever Claims. In further support of those rulings, the Court issues this Memorandum Opinion.

## I. BACKGROUND

Plaintiffs are federal disaster housing inspectors who have filed a "wage and hour" employment suit under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to collect unpaid overtime wages on behalf of themselves and others "similarly situated." Defendant Alltech, Inc. ("Alltech")[1] and Defendant Partnership for

---

[1] Defendant Parsons Brinckerhoff Inc. ("PBI") is Alltech's parent corporation. Alltech and PBI contend that PBI is an improper party to this action. This issue, however, is not currently before the Court. For purposes of this Memorandum Opinion, Alltech and PBI are collectively referred to as the Alltech Defendants.

Response & Recovery ("PaRR")[2] have been awarded contracts with the Federal Emergency Management Agency ("FEMA") to provide housing inspection services at declared disaster sites in the United States and its territories. Defendants have hired inspectors to provide housing inspection services at disaster sites in order to fulfill Defendants' contractual commitments to FEMA. Defendants classified these housing inspectors as independent contractors. Plaintiff Joseph Lomascolo ("Lomascolo") was hired as an independent contractor to perform housing inspections for Alltech. Plaintiff Ronald E. Houston ("Houston") was hired as an independent contractor to perform housing inspections for PaRR. Because Plaintiffs were hired and classified as independent contractors, they were not treated as "employees" for purposes of receiving overtime compensation under the FLSA.[3]

On July 11, 2008, the Court first heard argument on Plaintiffs' Motion for Certification of a Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). At that hearing, the Court denied Plaintiffs' motion without prejudice and ordered limited discovery on the issue whether the proposed collective action members are "similarly situated" in sufficient respects to conditionally certify the collective action. Order, July 11, 2008. Following that hearing, the depositions of both defendants were taken through their designated representatives as well as the deposition of Plaintiff

---

[2] PaRR is a partnership organized under the Virginia Uniform Partnership Act by Defendant Dewberry & Davis LLC ("Dewberry & Davis") and URS Group, Inc. ("URS Group"). Plaintiffs' claims against URS Group's parent, URS Corporation, were dismissed with prejudice under Fed. R. Civ. P. 41(a) pursuant to this Court's Order dated May 5, 2008. For purposes of this Memorandum Opinion, PaRR and Dewberry & Davis are collectively referred to as the PaRR Defendants.

[3] The PaRR Defendants contend that its payments to inspectors on a per-inspection basis are calculated in a manner that in effect includes compensation for overtime. Whether PaRR's per-inspection compensation structure would satisfy in whole or in part any overtime compensation obligation it might be determined to have is not before this Court at this time.

Houston. Plaintiffs filed this Renewed Motion for Order Certifying the Case as a Collective Action on November 4, 2008.

## II. LEGAL STANDARD

The FLSA embodies a federal legislative scheme to protect covered employees from prohibited employer conduct. 29 U.S.C. §§ 201 *et seq*. Section 216(b) of the FLSA authorizes a plaintiff alleging FLSA violations to file suit "for and in behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). These "collective actions," as they are known, are intended to serve the important objectives embodied in the FLSA by facilitating a resolution in a single proceeding of claims stemming from common issues of law and fact, and to aid in the vindication of plaintiffs' rights by lowering the individuals' costs by pooling claims and resources. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989).

As a general rule, FLSA class certification under Section 216(b) requires (1) that the plaintiffs are "similarly situated," and (2) that the plaintiffs included in the class "opt-in" by filing with the court consents to join the suit. *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). Section 216(b) does not define "similarly situated" and the Fourth Circuit has not yet defined the term in the context of FLSA claims. *See, e.g., id.* ("the Fourth Circuit has yet to directly apply a standard to an examination of whether a class of plaintiffs are similarly situated within the context of FLSA"). Because the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action, *see* 29 U.S.C. § 256(b), courts have concluded that the objectives to be served through a collective action justify the conditional certification of a class of putative plaintiffs early in a proceeding, typically

before any significant discovery, upon an initial showing that the members of the class are similarly situated. *See Castillo v. P&R Enters., Inc.*, 517 F. Supp. 2d 440, 444 (D.D.C. 2007) (citing *Hoffmann-La Roche*, 493 U.S. at 170). Courts, therefore, generally use a two-step approach to certify FLSA collective actions. *See, e.g., id.* at 445 (citations omitted); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 264 (D. Conn. 2002); *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995).

At the first step, the court determines whether there is sufficient evidence to reasonably determine that the proposed class members are similarly situated enough to conditionally certify the collective action and provide potential class members with initial notice of the action and the opportunity to "opt-in." *Choimbol*, 475 F. Supp. 2d at 562-63; *Scott*, 210 F.R.D. at 264. Consistent with the underlying purpose of the FLSA's collective action procedure, this initial inquiry proceeds under a "fairly lenient standard" and requires only "minimal evidence." *Choimbol*, 475 F. Supp. 2d at 562 (citations omitted). The primary focus in this inquiry is whether the potential plaintiffs are "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *Id.* at 563 (quoting *De Luna-Guerrero v. The North Carolina Grower's Assoc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004)). One district court in this Circuit has described the requirement for conditional certification under the "step one" analysis as a "relatively modest factual showing." *See, e.g., Mancia v. Mayflower Textile Servs. Co.*, No. CCB-08-273, 2008 WL 4735344, at *2 (D. Md. Oct. 14, 2008) (citations omitted).

The "similarly situated" requirement is not, however, "invisible." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) (citations omitted); *see also Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002)

4

("Mere allegations will not suffice."). There must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member. That is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member. Rather, the inquiry is whether the presence of common issues allows the class-wide claims to be addressed without becoming bogged down by individual differences among class members. In this regard, courts have observed that the requirements for class certification of a collective action under FLSA are similar, but not identical, to those that pertain to certification of a class under Fed. R. Civ. P. 23. *Mancia*, 2008 WL 4735344, at *2.

District courts also have discretion, in appropriate cases, to facilitate notice to potential class members by allowing discovery of the names and addresses of potential plaintiffs or by some other appropriate action. *Choimbol*, 475 F. Supp. 2d at 563; *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000) (citing *Hoffman La-Roche*, 493 U.S. at 169). This discretion is not unfettered; the court must assess "whether this is an appropriate case in which to exercise [its] discretion." *Camper*, 200 F.R.D. at 519. Ultimately, "[t]he plaintiff has the burden on demonstrating that notice is 'appropriate.'" *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995) (citations omitted).

The court proceeds to the second step if the defendant files a motion for decertification, which usually occurs after discovery is virtually complete. *Choimbol*,

5

475 F. Supp. 2d at 563. At this step, courts apply a heightened, fact-specific standard to the "similarly situated" analysis. *Id.* If the court determines that the plaintiffs are not sufficiently "similarly situated," the collective action is decertified and the original plaintiffs pursue their individual claims. *Id.*

## II. ANALYSIS

### A. Conditional Certification of a § 216(b) Collective Action

Plaintiffs propose that the Court conditionally certify two classes consisting of "all persons who are or were ever employed by [in one class, the Alltech Defendants, and in the other class, the PaRR Defendants] as a housing disaster inspector to perform inspections in FEMA-declared disaster areas in the United States and its territories during the period November 1, 2004 to the present." Compl. at ¶¶ 15-16. Plaintiffs contend that they are similarly situated to the prospective class members because they all worked as federal disaster housing inspectors under uniform policies and guidelines dictated by Defendants and FEMA. In support of their motion for conditional certification, Plaintiffs have submitted evidence that all housing inspectors perform disaster housing inspections in strict accordance with uniform FEMA guidelines,[4] all were all paid the same per-inspection fee, were all denied any overtime despite working more than 40 hours per week, and all were all classified as independent contractors. Pls.' Mem. in Supp. of Renewed Mot. to Certify at 9; *see also* Frost Dep. Tr. at 20:1-10, 31:13-16, 55:19-22, 56:1-4; Reynolds Dep. Tr. at 19:6-18, 22:1-5, 31:21-22, 32:6-7, 33:11-14.

Defendants dispute that the Plaintiffs and the putative collective action members are "similarly situated." The Alltech Defendants point to differentiating factors including

---

[4] FEMA regulations allegedly require all inspectors to fill out and submit the same forms using FEMA hand-held computers loaded with proprietary data collection software.

6

the nature and location of the disaster site, the number of aid applicants, and the variations among each individual inspector's own actions, decisions and objectives. Alltech Mem. in Opp. to Renewed Mot. to Certify at 2. Specifically, Alltech submits that the time between issuance and completion of inspection varies greatly among inspectors, *id.* at 8, that although they pay all inspectors the same base rate per inspection, that fee may be varied depending on the location and scope of the disaster, *id.* at 9, and that inspectors have a great degree of independence regarding how and when to conduct inspections, *id.* at 10-11.

The PaRR Defendants contend that Plaintiff Houston is not "similarly situated" to the vast majority of PaRR's inspectors.[5] First, the PaRR Defendants claim that Houston was far more experienced than the majority of inspectors and that, if he is similarly situated to other inspectors, it is only to the top 1.8% inspectors who are similarly experienced. PaRR Mem. in Opp. to Renewed Mot. to Certify at 3. Second, the PaRR Defendants argue that there are issues arising out of certain alleged misrepresentations by Houston at the time he was hired as well as other issues specific to Houston that make him an inappropriate class representative. *Id.* at 5, 14. Third, the PaRR Defendants submitted evidence that the independent contractor agreement "under which inspectors now perform disaster inspection services for PaRR is quite different from the one that Houston signed with PaRR" and that Houston is therefore not similarly situated to inspectors since January 1, 2008, when these changes were implemented. *Id.* at 17.

Based on the submissions to date, it appears that the core dispute is not what Defendants' policies and practices are with respect to the proposed class members, but

---

[5] At the December 12, 2008 hearing before this Court, counsel for the PaRR Defendants stated that in the interests of finality, they have modified their position and at this time do not oppose the conditional certification of a collective action and notice to putative collective action members.

rather what legal consequences flow from those practices for the purposes of determining Plaintiffs' claims under the FLSA. For example, it appears that the parties are in substantial agreement that uniform, company-wide practices and policies govern the relationship between the Defendants and their respective inspectors. The differences Defendants point to consist primarily of differences in the individual inspector's skill-level, efficiency, time worked, scheduling preferences or other decisions that are left to the individual inspector's discretion under Defendants' policies, rather than differences in the Defendants' policies or regulations governing inspectors. Thus, despite the differences in how each inspector actually conducts his or her inspections, it appears at this point that Defendants have adopted uniform policies and practices that allow for such choices. Defendants' submissions therefore do not refute, but rather confirm, Plaintiffs' allegations that they are "similarly situated" to all of the respective Defendants' housing inspectors for the purpose of determining the suitability of a collective action under FLSA.

As other courts have found, plaintiffs are similarly situated to a class when they "raise a similar legal issue as to coverage, exemption, or nonpayment o[f] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *De Luna-Guerrero*, 338 F. Supp. 2d at 654 (also noting that "their situations need not be identical"); *see also Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. CCB-07-455, 2008 WL 554114, at *2 (D. Md. Feb. 26, 2008) ("Potential plaintiffs will be considered similarly situated when, collectively, they were victims of a common policy or scheme or plan that violated the law."). As in *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006), Plaintiffs

8

have sufficiently alleged a "common policy or plan" in that all inspectors were classified as independent contractors rather than employees, that all inspectors were compensated in a similar manner on a "per inspection" basis, and that all inspectors were required to conduct inspections in accordance with FEMA guidelines. Indeed, at least one court has concluded that an alleged misclassification as independent contractors alone could be enough for conditional certification. *Montoya*, 2008 WL 554114, at *3 ("the potential misclassification of the plaintiffs, in violation of FLSA's mandate that 'employee' be interpreted broadly, could be enough for class certification.").

The cases cited by Defendants where courts have denied conditional certification are inapposite. Unlike in *Pfaahler v. Consultants for Architects, Inc.*, Plaintiffs here have made a sufficient showing that the nature of the work performed by other inspectors is at least similar to their own. No. 99 C 6700, 2000 WL 198888, at *2 (N.D. Ill. Feb. 8, 2000) (denying conditional certification where the independent contractor/employee analysis would require an examination of the individual's relationship with the defendant placement agency, but also may require an examination of the individual's relationship with the various corporate clients with whom they were placed). Also, unlike the plaintiffs in *Grace v. Family Dollar Stores, Inc.*, Plaintiffs here have sufficiently shown at this stage that the duties of federal disaster housing inspectors were governed by Defendants' uniform policies and FEMA regulations. No. 3:06CV306, 2007 U.S. Dist. LEXIS 66096, at *7 (W.D.N.C. Sept. 6, 2007) (plaintiffs' claims that they were misclassified rejected as the basis for class certification because "there is no allegation that the assignment of the duties was Family Dollar's policy, and therefore applicable to each Plaintiff.").

9

Defendants also oppose the motion for conditional certification on the ground that the Plaintiffs and putative collective action members may be exempt from the overtime provisions of the FLSA pursuant to the Motor Carrier Safety exemption. 29 U.S.C. § 213(b)(1). That exemption provides that the provisions of 29 U.S.C. § 207 shall not apply to:

> (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49.

Defendants argue that conditional certification is improper because an intensive individualized inquiry will have to be performed to determine whether each potential collective action member traveled interstate when accepting deployments at FEMA disaster sites. Plaintiffs contend that the Motor Carrier Act exemption is inapplicable here. At this stage in the proceedings, this Court is not in a position to determine the applicability of this exemption, nor is it necessary to do so prior to conditionally certifying a class. The applicability of this exemption and its effect on the Court's ability to adjudicate Plaintiffs' claims on a class basis is most appropriately addressed on summary judgment or in a motion to decertify.

The Court finds based on the present record at this preliminary stage of the proceedings that Plaintiffs meet the requisite showing for conditional class certification. As the parties recognize, the Court is not making a final determination whether any Plaintiff or class member is an "employee," and such a final determination cannot be made until after discovery and development of a full record. The Court therefore grants Plaintiffs' Renewed Motion for Order Certifying the Case as a Collective Action and conditionally certifies two separate classes that consist of federal disaster housing

inspectors that were hired by the respective defendants and who have worked more than 40 hours in any particular week during the class period. The Court denies the motion to the extent that it seeks to certify a class that includes members who have not, at any time, worked more than forty hours in one week.[6]

As to the class period, the PaRR Defendants contend that notice should be limited to inspectors who have performed services within two years of the date of this Order, not three as Plaintiffs propose. Their primary argument in this regard is that Plaintiffs have failed to establish a "willful" violation of the FLSA and, therefore, the limitations period is two years, not three years. PaRR Mem. in Opp. to Renewed Mot. to Certify at 21; *see also* 29 U.S.C. § 255. The longest applicable limitations period to Plaintiffs' FLSA claim is three years if willful violations are established. 29 U.S.C. § 255(a). As the cases cited by the PaRR Defendants demonstrate, whether a violation is willful is a factual issue often addressed on summary judgment or at trial. *See, e.g., Truslow v. Spotsylvania County Sheriff*, 783 F. Supp. 274, 279 (E.D. Va. 1992) (summary judgment); *Chao v. Self Pride, Inc.*, 232 Fed. Appx. 280, 287 (4th Cir. 2007) (trial); *Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616, 621 (D. Md. 2007) (summary judgment). While Defendants are correct that there is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court, *see Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007) (citing *LeGrand v. Education Mgmt. Corp.*, No. 03 Civ. 9798, 2004 WL 1962076, at *3 n.2 (S.D.N.Y. Sep. 2, 2004)), at this stage, based on the record before the Court, this Court is not prepared to make the factual determinations necessary to short a class period that might prove to be appropriate. Moreover, judicial

---

[6] Plaintiffs have agreed to amend the proposed class "to include only those inspectors who actually worked overtime while employed as housing inspectors . . ." Pls.' Reply Mem. in Supp. of Mot. to Certify at 6 (Doc. No. 99).

economy is served by conditionally certifying and providing notice to a larger rather than a smaller class. Therefore, the Court concludes that, until the applicable limitations period is established, the class should be conditionally certified for the three year period preceding January 1, 2009, that is, for the period beginning January 1, 2006 to the present.[7].

For similar reasons, the Court denies the PaRR Defendants' request to limit the class period to December 31, 2007, on the grounds that as of January 1, 2008, their relationship with housing inspectors was materially changed. The PaRR defendants have not disclosed in their submissions the details of the alleged changes to their independent contractor agreement. Pertinent here, however, is that the PaRR Defendants still consider their housing inspectors after that date to be independent contractors, not employees. Whether the alleged differences demonstrate that inspectors before and after January 1, 2008, are not actually similarly situated may be addressed by the Court on a motion for decertification or as otherwise appropriate as this litigation proceeds.

## B. Notice to Prospective Class Members

Plaintiffs also argue that notice to similarly situated employees is appropriate and request that this Court order Defendants to provide a list of the names, addresses and phone numbers of all putative class members. Defendant Alltech has submitted evidence that it has hired 2,654 disaster housing inspectors since November 2004, Hugh Inglis Aff. at ¶ 42, and the parties have stated that Defendant PaRR hired a similar number of disaster housing inspectors during the same period.

---

[7] The class definitions in Plaintiffs' Complaint include inspectors who have worked for Defendants since November 1, 2004, approximately three years prior to the filing of the Complaint. For the above reasons, the Court denies Plaintiffs' request to conditionally certify and provide notice to classes that include inspectors who have not worked for Defendants since January 1, 2006.

As discussed above, Plaintiffs have met the requisite showing for conditional certification and demonstrated that there are others similarly situated. *See Bernard*, 231 F. Supp. 2d at 435. Given the number of potential class members and the limited information available to Plaintiffs, this case presents an appropriate situation for the Court to involve itself in the notice process. Accordingly, Plaintiffs' motion for an order requiring Defendants to produce to Plaintiffs the names and addresses of all federal disaster housing inspectors hired by Defendants is granted.[8] Plaintiffs' request for phone numbers is denied.[9] By December 31, 2008, Defendants shall provide Plaintiffs with the names and addresses of all federal disaster housing inspectors hired by Defendants who performed inspections from January 1, 2006 to the present.[10] Notice shall be mailed to potential class members and any consents by potential class members to join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court no later than March 1, 2009.

C.  **Motion to Sever Claims**

The Alltech Defendants request that the Court sever the claims brought by Plaintiff Houston and Plaintiff Lomascolo since they each assert claims for overtime compensation against different Defendants. The parties do not dispute that Plaintiff Houston has no claim against the Alltech Defendants and Plaintiff Lomascolo has no claim against the PaRR Defendants or that the Alltech Defendants and PaRR Defendants are distinct, unrelated entities. Moreover, Plaintiff Houston and Plaintiff Lomascolo have

---

[8] The parties have been directed to submit an appropriate protective order specifying that the names and addresses are to be used and distributed only for effecting notice of this litigation.

[9] To the extent the notice mailed to putative collective action members is returned undeliverable, Plaintiffs may request from Defendants the phone number of those individuals so that Plaintiffs may contact the individual inspector to obtain a current mailing address.

[10] The Defendants concede that the parties are currently unable to identify those inspectors who worked overtime (*i.e.*, more than forty hours in a week). Defendants, therefore, are ordered to provide the names and addresses of all inspectors during the relevant time period regardless of the number of hours worked.

13

each sued on behalf of other "similarly situated" inspectors who worked as federal disaster housing inspectors for the PaRR Defendants and Alltech Defendants, respectively.

Here, the Plaintiffs have not satisfied the requirements for joinder of parties under Fed. R. Civ. P. 20(a). The two Plaintiffs have unrelated claims against different defendants and those claims should be adjudicated in separate suits. Fed. R. Civ. P. 21 provides that in the event of misjoinder, "[t]he court may . . . drop a party....[and] sever any claim against a party." The Motion to Sever Claims is therefore granted.

### III. CONCLUSION

For these reasons, the Court will GRANT in part and DENY in part Plaintiffs' Renewed Motion for Order Certifying the Case as a Collective Action Under the Fair Labor Standards Act, 29 U.S.C. § 216(b) and GRANT Defendants' Motion to Sever Claims.

An appropriate Order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
December 17, 2008