# EXHIBIT 1

## SETTLEMENT AGREEMENT
## CONTAINING GENERAL WAIVERS AND RELEASES OF CLAIMS

This Settlement Agreement, Containing General Waivers and Releases of Claims (the "Agreement") is concluded as of March 11, 2009 (the "Effective Date") between the Plaintiffs, Ronald E. Houston, on behalf of himself and all others similarly situated, and John Abbott, James Allison, Patricia Barrow, Ronald Lee Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew Cohen, Gary W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger, Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton Sr., Monique Harris, Joey Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz, Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips, Derek Prograis Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack, Lawrence S. Soroka, Gerald Stewart, Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard Thompson, Thomas R. Trimmer, Laural Tucker, Betinia L. Wade, Tanya Wallace, LaShonda Washington, Clara White and Alcide Wiltz, IV (collectively, the "Plaintiffs"), on the one hand, and the Defendants, URS Corporation ("URS Corp."), Dewberry & Davis LLC ("Dewberry") and the Partnership for Response and Recovery, LLP ("PaRR"), on the other. URS Corp., Dewberry and PaRR will be collectively referred to as the "Defendants." The Plaintiffs and the Defendants will be collectively referred to as the "Parties."

## RECITALS UPON WHICH THE PARTIES HAVE RELIED

A.     Ronald Eugene Houston ("Houston") is the named Plaintiff in an action that was filed originally on November 7, 2007 in the Los Angeles Division of the United States District Court for the Central District of California, captioned *Ronald E. Houston et al. v. URS Corporation et al.*, Civil Action No. 2:07-cv-07357-AHM-PJW (the "Lawsuit"). On February 11, 2008, the Lawsuit was transferred to the Alexandria Division of the United States District Court for the Eastern District of Virginia, and assigned a new Civil Action No.: 1:08-cv-00203-AJT-JFA.

B.     In the Lawsuit, Houston asserted various claims under the Fair Labor Standards Act of 1938 (the "FLSA") on his own behalf and on behalf of others whom he alleged to be "similarly situated" to him.

C.     PaRR is a Virginia limited liability partnership whose members consist of Dewberry and URS Group, Inc. ("URS Group"). URS Group is a wholly-owned subsidiary of URS Corp. PaRR is the successor-in-interest to the Partnership for Response and Recovery A and the Partnership for Response and Recovery B, two Virginia general partnerships whose partners were Dewberry and URS Group. All references to "PaRR" in this Agreement will be deemed to include PaRR's predecessors-in-interest. Since February of 2001, PaRR has performed services for the United States Government, and for the Federal Emergency

Management Agency ("FEMA") of the Department of Homeland Security, under a contract to provide disaster-related housing inspections as part of the United States Government's program for assistance and aid to victims in Presidentially-declared national disasters.

     D.     The Plaintiffs have each signed Independent Contractor Agreements with PaRR, and are, or have been, independent contractors who perform housing inspections for PaRR pursuant to PaRR's contract with FEMA.

     E.     The Lawsuit was conditionally certified as a "collective" action under Section 216(b) of the FLSA pursuant to an Order entered by the United States District Court for the Eastern District of Virginia on December 17, 2008.  In its Order, the Court required a Notice to be sent to all Independent Contractors who had performed disaster housing inspection services for PaRR since January 1, 2006.  A copy of the Court-approved "Notice of Pendency of Lawsuit under Fair Labor Standards Act of 1938, And of Right to Opt-In" (the "Notice") is attached as Exhibit No. 1.  This Court-approved Notice specifically informed each potential additional opt-in Plaintiff that, if any such additional potential opt-in Plaintiff elected to sign and file a "Notice of Consent to Become an Additional Party Plaintiff" ("Notice of Consent"), then that additional opt-in Plaintiff agreed "to appoint the named Plaintiff, Mr. Houston, as [his or her] agent.  As your agent, Mr. Houston will have your full authority to make all necessary decisions on your behalf concerning . . . settlement [of the Lawsuit] . . . ."  The Notice also expressly informed each additional Plaintiff that Houston's decision concerning settlement "and all agreements made by and entered into by Mr. Houston, will be binding upon you if you elect to join this [L]awsuit."

     F.     This Notice was sent to 3,140 of PaRR's Independent Contractors.  Only 67 Independent Contractors had opted in as additional Plaintiffs before the Court-ordered deadline of March 1, 2009.  Eight more Independent Contractors asked to opt-in as additional Plaintiffs after the Court-ordered deadline of March 1, 2009 had passed.  Each of these 75 additional Plaintiffs filed a Notice of Consent in which they appointed Houston as their agent.  In these Notices of Consent, each additional Plaintiff authorized Houston to "make all necessary decisions on my behalf concerning the [L]awsuit, the method and manner of conducting the litigation (including settlement), the entering of any agreement with counsel concerning attorney's fees and costs, and all other matters pertaining to this [L]awsuit."  Copies of the Notices of Consent filed by each of the 75 additional Plaintiffs are attached as Exhibit No. 2.

     G.     The Defendants have specifically relied on Recitals "E" and "F" in not insisting that this Agreement be signed individually by each Plaintiff.

     H.     The Defendants deny each of the material allegations of a breach of the FLSA made in the Lawsuit.  Those allegations are vigorously contested by the Defendants and remain in dispute between the parties.

     I.     The Parties represent and warrant that they are entering into this Agreement only after having sought and received the advice of competent counsel.

     J.     The terms of this Agreement are the result of mutual negotiations between the Parties and their counsel, and the Parties have participated in the drafting and revision of the

terms of this Agreement.  Accordingly, the terms of this Agreement shall not be construed in favor of, or against, either of the Parties.

K.     Each of the Plaintiffs has carefully read this Agreement, has received all necessary legal advice concerning the implications of entering into this Agreement, and has discussed the terms of this Agreement with his or her counsel, and, after receiving this legal advice, has entered into this Agreement knowingly, intentionally, willingly and voluntarily.

L.     This Agreement constitutes the entire agreement of the Parties, and all other prior agreements, understandings and statements, oral or written, are merged into this Agreement. There are no other agreements or understandings between the Parties that do not appear in this Agreement, and there have been no oral representations made to induce any of the Parties to enter into this Agreement that do not appear in this Agreement.

M.     The Plaintiffs been given a period of at least twenty-one (21) days to consider the terms of this Agreement.  If any of the Plaintiffs decide to sign this Agreement prior to this expiration of the twenty-one day consideration period, that Plaintiff knowingly waives his or her right to consider this Agreement for twenty-one days. Each Plaintiff may, for a period of seven (7) days following their execution of this Agreement, revoke acceptance of its terms.  This revocation must be made in writing and must be delivered to Stephen M. Sayers, Hunton & Williams LLP, 1751 Pinnacle Drive, Suite 1700, McLean, Virginia 22102, on or before midnight on the seventh day.  This Agreement shall not become effective until this seven-day revocation period has elapsed.

N.     Houston and the Plaintiffs' counsel represent that they are authorized to settle the claims that were made, or could have been made, in this Lawsuit, and that they have full legal authority to sign all necessary papers binding each of the additional Plaintiffs to the terms of this Agreement.

O.     Other than the claims raised in the Lawsuit, the Plaintiffs have no complaints, administrative charges, lawsuits or other legal proceedings currently pending against any of the Defendants before any federal, state or local court, or before any governmental agency or other governmental entity.

P.     Other than John L. Abbott, no Plaintiff has filed an SS-8 Application with the Internal Revenue Service ("IRS") for a determination of his or her employment status for federal income tax purposes for any services provided to PaRR.

Q.     The Parties wish to avoid the uncertainty, inconvenience, expense and delays of litigation, and desire to resolve, fully and finally, all claims that were, or could have been, asserted in the Lawsuit.

## AGREEMENTS

In consideration of the mutual covenants and conditions contained in this Agreement, and intending to be legally bound by their signatures to this Agreement, each of the Parties agrees as follows:

**1.     Incorporation of Recitals**.  Recitals "A" through "Q" above are made an integral part of this Agreement.

**2.     Monetary Consideration**.   As consideration for the releases and other terms contained in this Agreement, PaRR will pay a total of total all of Two Hundred and Fifty Thousand Dollars ($250,000), inclusive of attorney's fees and litigation-related costs, to the Plaintiffs, care of their counsel of record, Richard P. Kinnan, Esq., in order to settle all claims that were, or could have been, asserted in the Lawsuit.

**(a).     Payment to the Plaintiffs.**  PaRR will make payments to each individual Plaintiff identified on Schedule "A" to this Agreement, attached as Exhibit No. 3, in the amounts stated on that Schedule.  This Schedule will be submitted by counsel of record for the Plaintiffs to counsel of record for the Defendants within ten (10) days of the Effective Date, and it will be made an integral component of this Agreement.  Each such payment will be reported by a Form 1099-MISC, without any withholdings or deductions, and without deductions for income taxes or Federal Insurance Contributions Act ("FICA") and Federal Unemployment Compensation Act ("FUTA") contributions.  Each Plaintiff agrees that the payment he or she will receive pursuant to the terms of this Paragraph is received in full and final settlement of all claims that were, or could have been, asserted against the Defendants, and that the signature of this Agreement by each Plaintiff will represent full accord and satisfaction, and will expunge all such claims of the signing Plaintiff, with prejudice, forever.  Each Plaintiff agrees that he or she will be individually responsible for the federal, state or local tax consequences associated with receipt of the payment called for by this Paragraph.

**(b).     Payment to the Plaintiffs' Counsel.**  PaRR will make payments to the two Law Firms representing the Plaintiffs of reasonable attorney's fees and litigation-related costs, as set out on Schedule "B," attached as Exhibit No. 4.  This Schedule will be submitted by counsel of record of the Plaintiffs to counsel of record for the Defendants within ten (10) days of the Effective Date, and it will be made an integral component of this Agreement.  Each such payment will be reported by a Form 1099-MISC, without any withholdings or deductions (including FICA or FUTA contributions) or deductions for income taxes.  Both recipient Law Firms agree that they will be responsible for the federal, state or local tax consequences associated with receipt of the payments called for by this Paragraph.

**(c).     Court Review and Approval**.

The terms of this Agreement shall be submitted to The Honorable Anthony J. Trenga, Judge of the United States District Court for the Eastern District of Virginia, for review and approval of the payments and other terms called for in it, prior to dismissal of the Lawsuit with prejudice, as provided in Paragraph 5(a).

3.     **General Waivers and Releases of Claims; Covenants Not to Sue**.

The Parties intend to give each other General Waivers and Releases, and to exchange Covenants Not to Sue, with respect to any claim that was, or could have been, asserted in the Lawsuit.  The Parties acknowledge that they have received the advice of competent counsel on the effect of these General Waivers, Releases and Covenants Not to Sue, and that they have had explained to them the difference between these concepts, and that they fully understand the full legal effect of giving to each other these General Waivers, Releases and Covenants Not to Sue.

(a).     **General Waiver and Release of Claims**  By signing this Agreement, each Plaintiff forever waives, discharges, acquits and releases URS Corp., URS Group, Dewberry and PaRR (and their partners, members, parent companies, subsidiaries, affiliates, officers, directors, agents, insurers, assigns, personal representatives, heirs, executors, attorneys or administrators), from any and all rights, claims or causes of action of any kind or nature whatsoever, arising from the beginning of time up to and including the date of final execution of this Agreement by the last Party to sign it, regardless of whether any such rights, claims or causes of action are now known or are later discovered, and regardless of whether they arise out of, or relate to, each Plaintiff's engagement as an independent contractor by PaRR, the allegations or claims made in the Lawsuit, or otherwise.  In addition to all other rights, claims or causes of action, each of the Plaintiffs specifically waives, discharges, acquits and releases each of URS Corp., URS Group, Dewberry and PaRR (and their partners, members, parent companies, subsidiaries, affiliates, officers, directors, agents, insurers, assigns, personal representatives, heirs, executors, attorneys or administrators) from: (1) all rights, claims or causes of action that were, or might have been, asserted in the Lawsuit; (2) all rights, claims or causes of action under 42 U.S.C. §§ 1981-88; (3) all rights, claims or causes of action under Title VII of the Civil Rights Act of 1964, as amended; (4) all rights, claims or causes of action under the Civil Rights Act of 1991, as amended; (5) all rights, claims or causes of action under the Americans with Disabilities Act of 1990, as amended; (6) all rights, claims or causes of action under the Family and Medical Leave Act of 1993 (or any state law dealing with family and medical leave rights of employees); (7) all rights, claims or causes of action under the Equal Pay Act of 1963, as amended; (8) all rights, claims or causes of action under the Older Workers Benefit Protection Act, as amended; (9) all rights, claims or causes of action under the Age Discrimination in Employment Act of 1967, as amended; (10) all rights, claims or causes of action under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161, *et seq*., as amended; (11) all rights, claims or causes of action under the Employee Retirement Income Security Act of 1974, as amended; (12) all rights, claims or causes of action under the National Labor Relations Act, as amended; (13) all rights, claims or causes of action under the Service Contract Act or FLSA, as amended; (14) all rights, claims or causes of action under any health, welfare, and/or benefit plans or programs that URS Corp., URS Group, Dewberry or PaRR maintain; (15) all rights, claims or causes of action relating to disability benefits and/or severance pay; and (16) any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, labor or any other laws, rules and/or regulations, constitutions, ordinances (including without limitation all rights, claims or causes of action under the California Labor Code, such as California Labor Code §§ 200, 203, 204, 218, 226, 226.7, 500, 510, 512, 1194.2 and 1197, as amended, and any and all wage-hour provisions under California law; (17) all rights, claims or causes of action under the Private Attorney General Act; (18) all rights, claims or causes of action under the California Business and Professions Code Section 17200, *et seq*.);

under the policies of URS Corp., URS Group, Dewberry or PaRR (including those relating to severance, termination of employment or benefits under any pension plan, retirement and savings plan, or 401K plan); under any asserted public policy, contract (whether oral or written, express or implied from any source) or tort law, or any other claims arising under the common law, including, but not limited to, any claim for breach of contract, emotional distress or any claim for costs, fees, or other expenses, including attorney's fees and disbursements incurred in the Lawsuit (other than those covered by Paragraph 2 above); and (19) all other rights, claims or causes of action (whether at common law or otherwise), arising from the beginning of time up to and including the date of execution of this Agreement, regardless of whether any such rights, claims or causes of action are now known or are later discovered. It is expressly agreed and understood that these releases constitute a General Waiver and Release of the broadest kind permitted by law. Each Plaintiff represents that he or she knows of no claim that he or she has not released by this Paragraph.

Each Plaintiff expressly waives and relinquishes, to the fullest extent permitted by law, all protections, rights and benefits of § 1542 of the California Civil Code, or any other similar provisions under federal or state law, and does so understanding the significance of such waiver. Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the provisions of § 1542 of the California Civil Code, and for the purpose of implementing a full and complete release and discharge of URS Corp., URS Group, Dewberry and PaRR (and their partners, members, parent companies, subsidiaries, affiliates, officers, directors, agents, insurers, assigns, personal representatives, heirs, executors, attorneys or administrators), each Plaintiff expressly acknowledges that this Agreement is intended to include, in its effect, and without limitation, all claims that each Plaintiff may not know or suspect to exist in his or her favor against any of the Defendants at the time that he or she executes this Agreement, and that this Agreement contemplates the complete and permanent extinguishment of all such claims.

**This Paragraph means that if a Plaintiff now has, or ever had, any kind of legal claims of any kind against URS Corp., URS Group, Dewberry or PaRR (or their partners, members, parent companies, subsidiaries, affiliates, officers, directors, agents, insurers, assigns, personal representatives, heirs, executors, attorneys or administrators), he or she is releasing those claims, or giving them up forever, by entering into this Agreement, even if he or she does not know about the claims when he or she enters into this Agreement. Each Plaintiff expressly waives all rights that he or she may have under any law that is intended to protect him or her from waiving unknown claims, and understands the significance of doing so, after receiving the necessary legal advice.**

Each Plaintiff also represents and warrants that he or she has not been denied any family or medical leave rights or benefits to which he or she may have been entitled under the Family

and Medical Leave Act of 1993. In addition, each Plaintiff represents and warrants that, upon payment of any amounts due under this Agreement, he or she will be deemed to have been paid, in full, any wages, overtime, compensation, or other amounts that URS Corp., URS Group, Dewberry or PaRR may arguably have ever owed to him or her.

By signing this Agreement, the Defendants forever waive, discharge, acquit and release each Plaintiff with respect to any and all rights, claims or causes of action of any kind or nature whatsoever, arising from the beginning of time up to, and including, the date of final execution of this Agreement by the last Party to sign it, regardless of whether any such rights, claims or causes of action are now known or are later discovered, and regardless of whether they arise out of or relate to each Plaintiff's services as an independent contractor to PaRR, the allegations in the Lawsuit, or otherwise.

Nothing in this Agreement shall interfere with any of the Plaintiffs' right to file a charge or complaint, including a challenge to the validity of the waiver and release provisions of this Agreement, or to cooperate with or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or by any other federal, state, or local regulatory or law enforcement agency. The consideration provided to the Plaintiffs in this Agreement, however, shall be the sole relief available to the Plaintiffs for the claims that the Plaintiffs are releasing in this Agreement, and each Plaintiff agrees that he or she will not be entitled to recover, and agrees to waive, any additional monetary benefits or recovery, against any of the Defendants in connection with any such claim, charge, complaint, or proceeding without regard to who has brought the complaint or charge.

The Defendants are entering into this Agreement in express reliance upon the representations made by each Plaintiff, and which are contained in this Paragraph.

      **(b).**   **Covenant not to Sue**. The Parties also agree that they will never sue each other, their partners, members, parent companies, subsidiaries, affiliates, officers, directors, agents, insurers, assigns, personal representatives, heirs, executors, attorneys or administrators in any court or other forum (including an arbitral forum) concerning any claim that has been released as a result of this Agreement. Should any Party violate this Agreement by suing another Party, the Party committing the violation of this Agreement agrees to pay all costs and expenses incurred by the other Party, or its partners, members, parent companies, subsidiaries, affiliates, officers, directors, employees, agents, insurers, assigns, personal representatives, heirs, executors, and administrators, in defending the suit, or other legal proceeding, including all reasonable attorney's and expert witness fees and all other litigation, arbitration or other costs at the trial and appellate levels.

**4.**   **Other Material Terms.**

      **(a).**   **Dismissal of the Lawsuit**. The Plaintiffs each authorize and instruct their counsel of record to sign an Order and Stipulation of Dismissal with Prejudice ("the Dismissal Order") in the form attached to this Agreement as Exhibit No. 5. The Dismissal Order shall be promptly filed in the Alexandria Division of the United States District Court for the Eastern District of Virginia, and the Lawsuit shall be dismissed with prejudice after Court review and approval of the terms of this Agreement, as provided for in Paragraph 2(c).

**(b).**    **Attorney's Fees and Costs**.  Except as specifically provided in Paragraph 2(b) of this Agreement, each Party shall be solely responsible for its or their own attorney's fees and costs in connection with the Lawsuit.  None of the Parties shall be deemed to be a "prevailing party" in the Lawsuit, or for any other purpose.

**(c).**    **Plaintiffs' Indemnification of Defendants.**  If any federal, state, or local court, taxing authority or other governmental entity should rule that any income, social security, FICA, FUTA or other wage withholding taxes are due on any part of these payments, each Plaintiff shall be solely responsible for those taxes.  If the Defendants are ever held liable to pay any such taxes, the Plaintiff to which such ruling applies shall indemnify and hold the Defendants harmless with respect to all such taxes, interest and penalties, as well as the Defendants' reasonable attorney's fees and costs.  The Plaintiff to whom such ruling applies shall either pay the amounts of any withholdings directly to the IRS, or to the applicable state or municipal agency, or shall immediately reimburse the Defendants for all such amounts if any of the Defendants are required to tender tax withholding or other payments on behalf of such Plaintiff or the Defendants.  Each Plaintiff acknowledges that the Defendants are not undertaking to advise him or her with respect to any tax issues, and that he or she will be solely responsible for determining the tax consequences of this Agreement.

**(d).**    **Fair and Reasonable Settlement**.  The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Lawsuit.  The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**(e).**    **Non-Disparagement**.  The Parties agree that, subject to applicable federal and state law, they will not make any statements, or publish any communications to any third-party about each other, or their management, advisors or attorneys, that a reasonable person would view as disparaging or derogatory.  Each of the Parties may, however, make whatever disclosures are required by law, including disclosures to taxing agencies, and they may make any disclosures that are required in an action for breach of, or to construe or enforce, the terms of this Agreement.  The Parties may also disclose the terms of this Agreement to their counsel, tax and financial advisor(s) and spouses.

**(f).**    **Return of PaRR Documents**.  The Plaintiffs and their counsel agree that they will, within thirty (30) days of the Effective Date, return to the Defendants' counsel all documents, including hard copies and any documents produced in electronic form, produced by the Defendants during the discovery process in the Lawsuit.

**(g).**    **No Admission of Liability**.  Neither this Agreement, nor the payments required by it, are to be construed as any admission by the Plaintiffs or by the Defendants of any violation of any statute or law, or of wrongdoing or liability of any kind.  The Plaintiffs and the Defendants expressly deny any such violation, wrongdoing or liability.  The Parties acknowledge that this Agreement represents a pure compromise settlement of vigorously disputed claims, and

that they are entering into this Agreement only to avoid the time, expense, uncertainty and inconvenience of further litigation.

(h).    **No Future Engagements with PaRR**.  Each of the Plaintiffs has signed one or more Independent Contractor Agreements with PaRR, under which he or she has agreed to perform certain duties on behalf of PaRR as an independent contractor and not as an employee.  Each Plaintiff agrees not to seek any further engagements or deployments from PaRR as an inspector, whether as an independent contractor or otherwise.  Each Plaintiff acknowledges and agrees that PaRR has no obligation to offer any further engagement or deployment to him or her under any existing Independent Contractor Agreement or otherwise.  Each Plaintiff also agrees not to apply for, or to seek, employment with either URS Corp., URS Group, Dewberry or PaRR in the future.  Each Plaintiff agrees that, if employment is sought in violation of this Paragraph, and if a position is obtained with one of the Defendants, the employing entity shall have a legitimate and valid reason to terminate him or her immediately.

(i).    **Amendments and Waivers**.  This Agreement may not be modified or amended, and its provisions may not be waived, except by a written instrument signed by all of the Parties.  Waiver by any of the Parties of any term, provision or condition of this Agreement shall not be construed to be a waiver of any other term, provision or condition of this Agreement, and any such waiver shall not be deemed to be a waiver or any subsequent breach of the Agreement.  The failure of any Party to enforce any of the provisions of this Agreement shall not be construed as a waiver of the right of that Party to enforce any such provisions.

(j).    **Dispute Resolution**.  The Parties agree that any controversy or claim arising out of or relating in any way to the terms or enforcement of this Agreement, or any alleged breach of it, shall be settled by final and binding arbitration administered by the American Arbitration Association ("AAA") in accordance with its Construction Industry Arbitration Rules, and judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction.  The Parties agree that any such dispute shall be settled only through arbitration, and not through litigation, and the Parties knowingly, voluntarily and intentionally waive the right to demand a jury trial of all such claims.  In addition, the Parties agree that the arbitration proceeding shall not be governed by the AAA's Supplementary Rules of Class Arbitrations, and shall not be subject to "class" or "collective" action treatment.  The Parties mutually agree that the place of the arbitration shall be in Fairfax County, Virginia, unless one of the Parties can convince the Arbitrator that another venue should be selected for the convenience of both of the Parties and the witnesses.  If litigation is necessary, following the conclusion of this binding arbitration conducted in accordance with the requirements of this Paragraph, in order to enforce the arbitral award, that litigation shall be brought only in the Alexandria Division of the United States District Court for the Eastern District of Virginia, or, where that federal court would lack jurisdiction, in the Circuit Court of Fairfax County, Virginia.

(k).    **Withdrawal of John Abbott SS-8 Applications**.  As a condition precedent to the Defendants' obligation to make any of the payments required by this Agreement, the Plaintiff, John L. Abbott, shall promptly withdraw and dismiss his pending SS-8 applications to the IRS.  He shall do so telephonically and in writing (with a copy to be provided promptly to the Defendants' counsel) within seven (7) days of the Effective Date.  The Plaintiffs' counsel shall promptly notify the Defendants' counsel, in writing, when the withdrawal of Mr. Abbott's

SS-8 applicants has been accomplished, and shall provide to the Defendants' counsel with a copy of the withdrawal and dismissal papers.

**(l).** **<u>Employment Status for Income Tax Purposes</u>.** Each Plaintiff agrees that he or she will not file an SS-8 Application with the IRS in connection with the services that he or she has provided to PaRR as an Independent Contractor.

**(m).** **<u>No Third-Party Beneficiaries</u>.** The rights, duties and obligations set out in this Agreement shall be binding upon, and inure to the benefit of, only the Parties to this Agreement and their respective current and former partners, members, officers, directors, trustees, shareholders, employees, counsel and agents and successors, including but not limited to any receiver, conservator, rehabilitator, liquidator, trustee or other statutory successor and quasi-statutory successor. No person or entity that is not expressly a Party to this Agreement has, or shall have, any rights as a beneficiary or a third-party beneficiary of this Agreement.

**(n).** **<u>Severability</u>.** The Parties agree that if any provision of this Agreement is later held invalid, this holding shall not invalidate the entire Agreement. The remainder of the Agreement shall remain in full force and effect.

**(o).** **<u>Governing Law</u>.** This Agreement was concluded in the Commonwealth of Virginia, and its terms shall be governed by, and be construed and enforced in accordance with Virginia law, regardless of Virginia's choice of law provisions.

**(p).** **<u>Entire Agreement</u>.** This Agreement constitutes the entire agreement of the Parties and supersedes any other oral or other declarations or agreements. Both Parties agree that they will not make claims in the future of fraud in the inducement of this Agreement, and that there are no collateral or related understandings or undertakings between the Parties that have not been incorporated expressly into the terms of this Independent Contractor Agreement. Neither Party will subsequently attempt to claim that there are any such other understandings or undertakings. Both Parties have received the advice of counsel in connection with the undertakings made in this Paragraph, and both Parties acknowledge and agree that all such fraud or fraudulent inducement claims have been knowingly, intentionally and voluntarily waived by signing this Agreement.

(signatures to follow)

## DECLARATION OF RONALD EUGENE HOUSTON

I, Ronald Eugene Houston, on behalf of myself and all others similarly situated, and John Abbott, James Allison, Patricia Barrow, Ronald Lee Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew Cohen, Gary W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger, Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton Sr., Monique Harris, Joey Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz, Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips, Derek Prograis Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack, Lawrence S. Soroka, Gerald Stewart, Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard Thompson, Thomas R. Trimmer, Laural Tucker, Betinia L. Wade, Tanya Wallace, LaShonda Washington, Clara White and Alcide Wiltz, IV, declare that I have carefully reviewed this Settlement Agreement, General Waiver and Release of Claims ("Settlement Agreement") and, having received all necessary legal advice concerning its contents and fully understanding those contents, I agree, by my signature, to be legally bound by this Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on March __, 2009

_____
Ronald Eugene Houston

PARTNERSHIP FOR RESPONSE AND RECOVERY

By: _____ (SEAL)
Its:                                              General                    Manager

## **DECLARATION:**

    I, Lawrence W. Olinger, state that I am the authorized representative of the Partnership for Response and Recovery, and that I am authorized to sign this Settlement Agreement, General Release and Waiver of Claims on its behalf, and that my signature legally binds the Partnership for Response and Recovery.  I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March __, 2009

_____
              Lawrence W. Olinger

DEWBERRY & DAVIS LLC


By: _____ (SEAL)

Its:                                                                                President

## **DECLARATION:**

I, Ronald L. Ewing, state that I am the authorized representative of Dewberry & Davis LLC, and that I am authorized to sign this Settlement Agreement, General Release and Waiver of Claims on its behalf, and that my signature legally binds Dewberry & Davis LLC.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on March __, 2009


_____

Ronald L. Ewing

**Exhibit No. 1**

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| RONALD E. HOUSTON, on behalf of<br>himself and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 08 CV 203 (AJT)(JFA) |
| | ) | |
| URS CORPORATION,<br>DEWBERRY & DAVIS LLP and<br>PARTNERSHIP FOR RESPONSE<br>AND RECOVERY, | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## NOTICE OF PENDENCY OF LAWSUIT UNDER FAIR LABOR STANDARDS ACT OF 1938, AND OF RIGHT TO OPT IN

**TO:**      All inspectors who agreed to act pursuant to Independent Contractor Agreements with Partnership for Response and Recovery ("PaRR") to conduct housing inspections at Presidentially declared disaster sites, pursuant to a contract between the Federal Emergency Management Agency ("FEMA") and PaRR, since January 1, 2006.

**FROM:**    Walter J. Lack, Richard P. Kinnan, Karl A. Gerber, Gary B. Mims, Charles W. Sickels, Steven M. Frei and Gobind S. Sethi, attorneys for the Plaintiff, Ronald E. Houston ("Mr. Houston").

**Re:**      Lawsuit against PaRR and Dewberry & Davis LLC under the Fair Labor Standards Act of 1938 ("FLSA").

### A.      DESCRIPTION OF THE LAWSUIT

Mr. Houston has filed a lawsuit under the FLSA against URS Corporation, Dewberry & Davis LLC and PaRR.  URS Corporation has been dismissed from this case.  The lawsuit was

commenced by Mr. Houston on November 8, 2007 against PaRR, Dewberry & Davis, LLC and others, in the Los Angeles Division of the United States District Court for the Central District of California. It was transferred to the Alexandria Division of the United States District Court for the Eastern District of Virginia pursuant to an Order entered by United States District Judge Howard Matz on February 11, 2008.

In this lawsuit, Mr. Houston claims that he was an employee of PaRR and not an independent contractor. He claims that, because he was an employee, he, and a class of people situated similarly to him, should have been paid overtime compensation for hours that they worked in excess of 40 hours in any work week during the three-year period beginning on January 1, 2006. In this lawsuit, Mr. Houston seeks overtime pay, liquidated damages, costs and attorney's fees, on behalf of himself and others in the class.

PaRR disagrees with Mr. Houston's claim that he and others were wrongly classified as independent contractors. PaRR contends that Mr. Houston, and every other housing inspector who signed Independent Contractor Agreements, were independent contractors and that they have been fully and fairly compensated under applicable law. In addition, PaRR contends that the per-inspection rate paid to its independent contractors includes overtime and that this fact has already been communicated to all of its independent contractors, in Policy 001, on PaRR's restricted website.

The purpose of this Notice is to inform you of the existence of this lawsuit, and of your right to join this lawsuit as a Plaintiff, if you wish to do so. This Notice is designed to advise you of how your rights may be affected by this lawsuit, and to give you information about the procedure for joining this lawsuit if you elect to opt into it.

B.    **COMPOSITION OF THE CLASS**

Mr. Houston sues on behalf of himself and others who are "similarly situated" to him.  In

a Memorandum Opinion dated December 17, 2008, United States District Judge Anthony J.

Trenga conditionally certified a class consisting of housing inspectors who: (1) performed

FEMA housing inspections for PaRR; *and* (2) who worked more than 40 hours in any week

during the three years beginning January 1, 2006.  Accordingly, if you performed housing

inspection services for PaRR after January 1, 2006, *and* if you worked more than 40 hours a

week in any week after January 1, 2006, then you are eligible, if you wish, to join the lawsuit as

an additional Plaintiff.

C.    **YOUR RIGHT TO OPT INTO THIS LAWSUIT**

So: (1) if you believe you have been wrongly classified as an independent contractor, and

that you were really a PaRR employee; and (2) if you believe that you worked over 40 hours in

any work week after January 1, 2006, then you may elect to opt into this lawsuit as an additional

Plaintiff by completing, signing and mailing the attached form, entitled "Notice of Consent to

Become an Additional Plaintiff," to the Plaintiffs' counsel of record at the following address:

> Walter J. Lack, Esq.
> Richard P. Kinnan, Esq.
> ENGSTROM, LIPSCOMB & LACK, P.C.
> 10100 Santa Monica Boulevard, 12th Floor
> Los Angeles, California  90067
> Telephone:  (310) 552-3800
> Facsimile:  (310) 552-9434
> E-mail:  *rkinnan@ellaw.com*

The completed Notice must be sent to the Plaintiffs' counsel in sufficient time to have the

Plaintiffs' counsel receive it and file it, as required by statute, *on or before March 1, 2009*.  If you

do not complete and send the completed "Notice of Consent to Become an Additional Party

Plaintiff in FLSA Collective Action" form to the Plaintiffs' counsel in time for it to be filed on or

before the above deadline, then you will not be able to participate in this lawsuit. That means that you bear the risk of any non-delivery or delay in the delivery of the consent form. In order to be effective, your signed "Notice Of Consent To Become An Additional Plaintiff In FLSA Collective Action" must be received in the office of Richard P. Kinnan, Esq., by February 15, 2009.

If you elect to become an additional Plaintiff in this case, you will be required to participate in the discovery process. This will include responding to PaRR's discovery requests, including "Requests for Production of Documents," "Requests for Admissions," and written "Interrogatories." These discovery requests have already been provided to the Plaintiffs' counsel to distribute to you in the event that you choose to "opt in" to this case. You may also be required to come to Northern Virginia to testify at a deposition, under oath. If you choose to opt in to this lawsuit, you will also be required to preserve all of your business and personal records relating to the FEMA inspections that you performed, including copies of your travel and accommodation records; all records relating to your activities during the period in question (from January 1, 2006 to the present); all records relating to your business activities (apart from FEMA inspections) from January 1, 2006 to the present; all W-2 forms that you received from any employer from January 1, 2006 to the present; all 1099 forms that you have received from any entity for which you have performed contractual services from January 1, 2006 to the present; all of your tax returns for at least the period January 1, 2006 to the present; all records related to any business expenses you have incurred, or claimed as deductions on your tax returns; and all documents related to any services that you performed through a partnership, corporation or other entity, including any documents showing your ownership or equity interest in such partnership, corporation or other entity. You will be asked to copy each of those records, including

electronically stored information, and to produce them to PaRR. Your obligation to preserve electronically stored information will continue until the conclusion of this case.

**D.**    **EFFECT OF JOINING THIS LAWSUIT**

If you elect to opt in to this lawsuit as an additional Plaintiff, then you will be bound by any Judgment, whether it is favorable or unfavorable. You may also be held liable for any costs associated with the lawsuit and any potential Counterclaims that may be filed by PaRR. As of the date of this Notice, no Counterclaim has yet been filed.

The attorneys for the Plaintiffs are being paid on a contingency fee basis. If the Plaintiffs win, the attorneys representing the Plaintiffs may receive a share of any money judgment that may be entered in favor of the Plaintiffs collectively. This means that, if the Plaintiffs lose, there will be no attorney's fees that you, or any other Plaintiff, would have to pay. The Plaintiffs are, however, legally required to bear the costs associated with the litigation.

If you sign and return the "Notice of Consent to Become an Additional Party Plaintiff" form attached to this Notice, you are agreeing to appoint the named Plaintiff, Mr. Houston, as your agent. As your agent, Mr. Houston will have your full authority to make all necessary decisions on your behalf concerning:

- the lawsuit and any settlement of it;
- the method and manner of conducting this litigation;
- the entering of an agreement with Plaintiffs' counsel concerning attorney's fees and costs; and,
- all other matters pertaining to this lawsuit.

These decisions, and all agreements made by and entered into by Mr. Houston, will be binding upon you if you elect to join this lawsuit. The Court will retain jurisdiction to determine the reasonableness of any contingency fee agreement entered into by the Plaintiffs with counsel, and to determine the adequacy of the Plaintiff's counsel to represent the class.

In addition, you should be aware that if the Plaintiffs are successful, and win a money judgment against PaRR, any tax consequences, Federal or State, associated with any payments that the Plaintiffs may receive, will have to be borne by the Plaintiffs themselves, and not by PaRR. These consequences may include having to file amended tax returns, and you should consult your own lawyer or accountant about this.

**E.    LEGAL EFFECT OF NOT JOINING**

If you choose not to join this lawsuit, you will not be affected by any settlement, agreement or judgment.

It is entirely your own decision whether or not to join this lawsuit. You are not required to file your consent or to take any action unless you want to do so. If, however, you elect to join this lawsuit by completing and sending the attached Notice to the lawyers listed in Section (C) above, then you will be bound by the judgment of the Court on all issues in this case.

**F.    PROTECTION AGAINST RETALIATION**

Federal law prohibits PaRR from retaliating against you because you elect to "opt-in" to this lawsuit, or because you have exercised your rights under the FLSA in any other way.

**G.    YOUR LEGAL REPRESENTATIVE IF YOU JOIN**

If you elect to "opt in" as an additional Plaintiff in this lawsuit, and if you agree to be represented by Mr. Houston, then your lawyers in this action will be:

Walter J. Lack, Esq.
Richard P. Kinnan, Esq.
ENGSTROM, LIPSCOMB & LACK, P.C.
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, California  90067
Telephone:  (310) 552-3800
Facsimile:  (310) 552-9434

- and –

19

Karl A. Gerber, Esq.
EMPLOYMENT LAWYER'S GROUP
13418 Ventura Boulevard
Sherman Oaks, California  91423
Telephone:  (818) 783-7300
Facsimile:  (818) 995-7159

      - and –

Gary B. Mims, Esq.
Charles W. Sickels, Esq.
Steven M. Frei, Esq.
Gobind S. Sethi, Esq.
HALL, SICKELS, FREI, KATTENBURG & MIMS, P.C.
12120 Sunset Hills Road, Suite 150
Reston, Virginia  20190
Telephone:  (703) 925-0500
Facsimile:  (703) 925-0501

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, THROUGH THE HONORABLE ANTHONY J. TRENGA, UNITED STATES DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.**

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

RONALD E. HOUSTON, on behalf of    )
himself and all others similarly situated,    )
    )
          Plaintiffs,    )
v.    )       Case No. 08 CV 203 (AJT)(JFA)
    )
URS CORPORATION,    )
DEWBERRY & DAVIS LLP and    )
PARTNERSHIP FOR RESPONSE    )
AND RECOVERY,    )
    )
          Defendants.    )
_____)

## NOTICE OF CONSENT TO BECOME AN ADDITIONAL PLAINTIFF IN FLSA COLLECTIVE ACTION

I elect to opt into this lawsuit as an additional Plaintiff. I appoint Ronald E. Houston as my agent, and I authorize him to make all necessary decisions on my behalf concerning the lawsuit, the method and manner of conducting the litigation (including settlement), the entering of any agreement with counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

_____
SIGNATURE
(sign your name)

_____
(print your name)

_____
(Social Security Number)

_____
(Telephone Number)

_____
(E-Mail Address)

_____
(Street Address)

_____
(City, State, Zip)

**PLEASE NOTIFY RICHARD P. KINNAN, ESQ., OF THE LAW FIRM OF ENGSTROM, LIPSCOMB & LACK, P.C., IF ANY OF YOUR CONTACT INFORMATION CHANGES.**

Please also indicate the dates and locations that you have conducted housing inspections under contract to PaRR since January 1, 2006.

In order to be effective, your signed "Notice Of Consent To Become An Additional Plaintiff In FLSA Collective Action" must be received in the office of Richard P. Kinnan, Esq., by no later than February 15, 2009.

**Exhibit No. 2**

**<u>Copies of Each Additional Plaintiff's Notice of Consent</u>**
**<u>to Become an Additional Plaintiff in FLSA Collective Action</u>**

**Exhibit No. 3**

**<u>Schedule of Payments To Be Made To The Plaintiffs</u>**

|  |  | **Amount of Payment Reported on Form 1099-MISC:** |
|---|---|---|
| **Name of Settling Plaintiff:** | | |
| 1. | John Abbott | |
| 2. | James Allison | |
| 3. | Patricia Barrow | |
| 4. | Ronald Lee Barts | |
| 5. | Jamar Bates | |
| 6. | Reginald B. Bivins | |
| 7. | Lisa Bradshaw | |
| 8. | Viet Bui | |
| 9. | Romona Caldwell | |
| 10. | Doreen Campbell | |
| 11. | Tracy Carrasquillo | |
| 12. | Brandon Cheek | |
| 13. | Tamara Brunner Clarke | |
| 14. | Andrew Cohen | |
| 15. | Gary W. Cook | |
| 16. | Linda Crear-Moore | |
| 17. | D.J. Cushenberry | |
| 18. | Ronald Daniels | |
| 19. | Scott S. Darling | |
| 20. | Dewanda Day | |
| 21. | Harry J. Denton | |
| 22. | Nicole Donaldson | |
| 23. | Michael Duhart | |
| 24. | Kevin C. Fuqua | |
| 25. | Ted Geiger | |
| 26. | Kimberlyn T. Gibson | |
| 27. | Lynette H. Gillard | |
| 28. | Carmaleta Gilmore | |
| 29. | Tim Gunning | |
| 30. | Dominic Haberman | |
| 31. | Richard E. Haley | |
| 32. | Suzette Montero Hall | |
| 33. | Glenn Hampton Sr. | |
| 34. | Monique Harris | |
| 35. | Joey Hessley | |
| 36. | Kenneth J. Hizynski | |
| 37. | Ronald E. Houston | |
| 38. | Randall Hutchins | |
| 39. | Carol Johnson | |
| 40. | LaDon Kelly | |
| 41. | Michael Kivitz | |

42.    Kemonte Layton
43.    Deborah Little
44.    Rick MacAllister
45.    Marcus McCranie
46.    Lintel Malancon
47.    Odette Morales
48.    Tammy Myers
49.    Stanley E. Nelson
50.    James H. Patten
51.    Harry Perez
52.    Catherine L. Phillips
53.    Derek Prograis Sr.
54.    Mia Robair
55.    Gwendolyn Robinson
56.    Pat Rodney
57.    Agustin Santiago
58.    Vance Silva
59.    Ira B. Simmons
60.    Eric R. Smith
61.    Annie Smith-Jack
62.    Lawrence S. Soroka
63.    Gerald Stewart
64.    Susan Stewart
65.    John C. Swider
66.    Shawn Taylor
67.    Earl Teal
68.    Chrishelle A. Temple
69.    Richard Thompson
70.    Thomas R. Trimmer
71.    Laural Tucker
72.    Betinia L. Wade
73.    Tanya Wallace
74.    LaShonda Washington
75.    Clara White
76.    Alcide Wiltz, IV

**Exhibit No. 4**

<u>**Schedule of Payments To Law Firms Representing The Plaintiffs**</u>

<u>**Name of Law Firm**</u>**:**

**Amount of Payment**
<u>**Reported on Form 1099-MISC**</u>**:**

1.    ENGSTROM LIPSCOMB & LACK, P.C.

2.    HALL, SICKELS, FREI & MIMS, P.C.

**Exhibit No. 5**

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| RONALD E. HOUSTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:  1:08cv203-AJT-JFA |
| URS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

The Plaintiffs, Ronald E. Houston, on behalf of himself and all others similarly situated, and John Abbott, James Allison, Patricia Barrow, Ronald Lee Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew Cohen, Gary W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger, Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton Sr., Monique Harris, Joey Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz, Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips, Derek Prograis Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack, Lawrence S. Soroka, Gerald Stewart, Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard Thompson, Thomas R. Trimmer, Laural

Tucker, Betinia L. Wade, Tanya Wallace, LaShonda Washington, Clara White and Alcide Wiltz, IV, as evidenced by signature of Ronald Eugene Houston and their counsel, have requested dismissal with prejudice of the claims asserted in the Complaint against the Defendants, Partnership for Response and Recovery and Dewberry & Davis LLC.

The Court has reviewed and approved the Settlement Agreement Containing General Waivers and Releases that has been agreed upon by the Parties and considers the terms of dismissal proper. It is, therefore

ORDERED that, pursuant to Fed. R. Civ. P. 41(a)(2), that the Plaintiffs' claims against the Defendants, Partnership for Response and Recovery and Dewberry & Davis LLC are DISMISSED with prejudice.

DATED: April ___, 2009

_____
The Honorable Anthony J. Trenga,
United States District Judge

RONALD E. HOUSTON, on behalf of
Himself and All Others Similarly Situated,
et al.


By:_____

                    Counsel


Walter K. Lack (admitted *pro hac vice*)
Richard P. Kinnan (admitted *pro hac vice*)
Paul Allan Traina (admitted *pro hac vice*)
*Counsel for Plaintiffs Counsel for Plaintiffs, Ronald Eugene Houston, on behalf of himself and
all others similarly situated, and  John Abbott, James Allison, Patricia Barrow, Ronald Lee
Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen
Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew Cohen, Gary
W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda
Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger,
Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic
Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton Sr., Monique Harris, Joey
Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz,
Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette
Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips,
Derek Prograis Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance
Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack, Lawrence S. Soroka, Gerald Stewart,
Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard
Thompson, Thomas R. Trimmer, Laural Tucker, Betinia L. Wade, Tanya Wallace, LaShonda
Washington, Clara White and Alcide Wiltz, IV*
Engrstrom Lipscomb & Lack, P.C.
10100 Santa Monica Blvd. 12th Floor
Los Angeles, California  90067-4107
Telephone:  (310) 552-3800
Facsimile:  (310) 552-9434

        - and -

Karl A. Gerber (admitted *pro hac vice*)
*Counsel for Plaintiffs Counsel for Plaintiffs, Ronald Eugene Houston, on behalf of himself and
all others similarly situated, and John Abbott, James Allison, Patricia Barrow, Ronald Lee
Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen
Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew Cohen, Gary
W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda
Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger,
Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic
Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton Sr., Monique Harris, Joey*

*Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz, Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips, Derek Prograis Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack, Lawrence S. Soroka, Gerald Stewart, Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard Thompson, Thomas R. Trimmer, Laural Tucker, Betinia L. Wade, Tanya Wallace, LaShonda Washington, Clara White and Alcide Wiltz, IV*

EMPLOYMENT LAWYER'S GROUP
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone: (818) 783-7300
Facsimile: (818) 995-7159

    - and -

Gary B. Mims (VSB No. 19184)
Steven M. Frei (VSB No. 32211)
Gobind S. Sethi (VSB No. 72266)
*Local Counsel for Plaintiffs Counsel for Plaintiffs, Ronald Eugene Houston, on behalf of himself and all others similarly situated, and John Abbott, James Allison, Patricia Barrow, Ronald Lee Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew Cohen, Gary W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger, Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton Sr., Monique Harris, Joey Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz, Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips, Derek Prograis Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack, Lawrence S. Soroka, Gerald Stewart, Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard Thompson, Thomas R. Trimmer, Laural Tucker, Betinia L. Wade, Tanya Wallace, LaShonda Washington, Clara White and Alcide Wiltz, IV*

HALL, SICKELS, FREI & MIMS, P.C.
12120 Sunset Hills Road, Suite 150
Reston, Virginia 20190
Telephone: (703) 925-0500
Facsimile: 703 925-0501
gary.mims@hallandsickels.com
steve.frei@hallandsickels.com
gobind.sethi@hallandsickels.com