IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RONALD E. HOUSTON, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 1:08cv203 (AJT/JFA)
)
DEWBERRY & DAVIS, L.L.C., *et al.*, )
)
Defendants. )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on a joint motion seeking approval of settlement agreement reached between the parties, and for entry of stipulation and order of dismissal with prejudice. (Docket no. 174). Plaintiffs are Ronald E. Houston, John Abbott, James Allison, Patricia Barrow, Ronald Lee Barts, Jamar Bates, Reginald B. Bivins, Lisa Bradshaw, Viet Bui, Romona Caldwell, Doreen Campbell, Tracy Carrasquillo, Brandon Cheek, Tamara Brunner Clarke, Andrew J. Cohen, Gary W. Cook, Linda Crear-Moore, D.J. Cushenberry, Ronald Daniels, Scott S. Darling, Dewanda Day, Harry J. Denton, Nicole Donaldson, Michael Duhart, Kevin C. Fuqua, Ted Geiger, Kimberlyn T. Gibson, Lynette H. Gillard, Carmaleta Gilmore, Tim Gunning, Dominic Haberman, Richard E. Haley, Suzette Montero Hall, Glenn Hampton, Sr., Monique Harris, Joey Hessley, Kenneth J. Hizynski, Randall Hutchins, Carol Johnson, LaDon Kelly, Michael Kivitz, Kemonte Layton, Deborah Little, Rick MacAllister, Marcus McCranie, Lintel Malancon, Odette Morales, Tammy Myers, Stanley E. Nelson, James H. Patten, Harry Perez, Catherine L. Phillips, Derek Prograis, Sr., Mia Robair, Gwendolyn Robinson, Pat Rodney, Agustin Santiago, Vance Silva, Ira B. Simmons, Eric R. Smith, Annie Smith-Jack,

Lawrence S. Soroka, Gerald Stewart, Susan Stewart, John C. Swider, Shawn Taylor, Earl Teal, Chrishelle A. Temple, Richard Thompson, Thomas R. Trimmer, Laural Tucker, Betinia L. Wade, Tanya Wallace, LaShonda Washington, Clara White and Alcide Wiltz, IV (collectively "Plaintiffs"). Defendants are Dewberry & Davis, LLC ("Dewberry") and the Partnership for Response and Recovery ("PaRR") (collectively "Defendants"). Plaintiffs and Defendants shall be referred to collectively as the "Parties." On March 24, 2009 the Honorable Anthony J. Trenga, United States District Judge, referred the joint motion seeking approval of settlement agreement to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Docket no. 177). In compliance with that Order, the undersigned magistrate judge is filing with the Court his proposed findings of fact and recommendations, a copy of which will be provided to the Parties.

## Procedural Background

On November 8, 2007 Ronald E. Houston, on behalf of himself and others similarly situated, filed a lawsuit against the Defendants in the United States District Court for the Central District of California for claimed violations of 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") (the "Lawsuit"). (Docket no. 55, att. 4)(SA Recital ¶ A)[1]. On February 11, 2008 the Honorable A. Howard Matz transferred the Lawsuit to the Alexandria Division of the United States District Court for the Eastern District of Virginia. (Docket no. 55, att. 67-68). This Court conditionally certified the Lawsuit as a collective action pursuant to Section 216(b) of the FLSA by Order dated December 17, 2008. (Docket no. 130). That Order also required that counsel confer and agree on a notice to potential class members. Pursuant to that Order, a "Notice of

---

[1] References to the Settlement Agreement Containing General Waivers and Releases of Claims are shown as "SA".

2

Pendency of Lawsuit under Fair Labor Standards Act of 1938, And of Right to Opt-In" (the "Notice") was prepared and sent to each independent contractor who had provided disaster housing inspection services for the Defendants since January 1, 2006. The Notice was sent to 3,140 independent contractors. (SA Recital ¶ F). By the Court-ordered deadline of March 1, 2009, 67 individuals had opted-in to the Lawsuit. (SA Recital ¶ F). Eight additional individuals opted-in subsequent to the March 1, 2009 deadline. Each of those 75 individuals filed a Notice of Consent to Become an Additional Plaintiff in FLSA Collective Action, thereby appointing Ronald E. Houston ("Houston") as his or her agent, and authorizing Houston to "make all necessary decisions on [his or her] behalf concerning the lawsuit, the method and manner of conducting the litigation (including settlement), the entering of any agreement with counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit." (Docket nos. 162, 165, 166, 167, 168, 170, 173)(SA Recital ¶ F).

On March 11, 2009 a status conference was convened before the undersigned magistrate judge, who was advised that the Parties had reached a settlement in this matter. (Docket no. 172). On March 20, 2009 the Parties filed their joint motion seeking approval of settlement agreement reached between the parties, and for entry of stipulation and order of dismissal with prejudice (Docket no. 174) and noticed it for hearing on Friday, March 27, 2009 at 10:00 a.m. (Docket no. 175). On March 24, 2009 the Honorable Anthony J. Trenga referred that motion to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Docket no. 177). By an Order entered on March 24, 2009, the hearing was continued to April 10, 2009 at 10:00 a.m. (Docket no. 178). At the hearing on April 10, 2009, counsel for the Plaintiffs and counsel for the Defendants appeared before the Court and addressed the questions raised by the Court concerning the terms and conditions in the

Settlement Agreement Containing General Waivers and Releases of Claims ("Settlement Agreement"). (Docket no. 179). No one appeared at this hearing to oppose the approval of the Settlement Agreement and no written objection to the Settlement Agreement has been filed with the Court.

## Factual Background

Plaintiffs are individuals who are, or have been, similarly situated independent contractors who perform(ed) housing inspections for defendant PaRR. (SA Recitals ¶¶ B, D). Defendant PaRR is a Virginia limited liability partnership whose members consist of defendants URS Group, Inc. ("URS Group") and Dewberry. URS Group is a wholly-owned subsidiary of URS Corporation ("URS Corp."). PaRR is the successor-in-interest to the Partnership for Response and Recovery A and the Partnership for Response and Recovery B, which were two Virginia limited liability partnerships whose partners were Dewberry and URS Group. (SA Recital ¶ C). PaRR has provided services for the United States Government, and specifically for the Federal Emergency Management Agency ("FEMA"), since February 2001. PaRR's contract with FEMA involves providing disaster-related housing inspections as part of the United States Government's program to provide assistance to victims of Presidentially-declared national disasters. (SA Recital ¶ C). Plaintiffs each signed an Independent Contractor Agreement with PaRR to perform housing inspections pursuant to PaRR's contract with FEMA. (SA Recital ¶ D).

## Findings and Recommendations

This matter comes before the Court for approval of the Settlement Agreement. Under the FLSA, there is a judicial prohibition against the unsupervised waiver or settlement of claims. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)(citing *D.A. Schulte, Inc. v.*

*Gangi*, 328 U.S. 108, 114-16, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)). Other than through the payment of unpaid minimum wages or overtime supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c), the only way that an employee may compromise FLSA back wage or liquidated damage claims is through a "stipulated judgment entered by a court which has determined that a settlement...is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 n.2 (E.D. Va. 1999). If a proposed settlement reflects a reasonable compromise over issues actually in dispute, then approval by a district court promotes the policy of encouraging settlement of litigation. *Lynn's Food Stores*, 679 F.2d at 1354.

## Jurisdiction and Venue

As an initial matter, the FLSA provides that an action brought by any one or more employees against an employer to recover unpaid minimum wages or overtime compensation, or to pursue equitable relief, shall be brought in a Federal or State court of competent jurisdiction. 29 U.S.C. § 216(b). This action was filed in the United States District Court for the Central District of California pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, for all claims arising under the FLSA, 29 U.S.C. § 201, *et seq.*, and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367, for all of the state law claims. (Compl. ¶ 5)[2].

The Honorable A. Howard Matz, United States District Judge, transferred this Lawsuit to this Court pursuant to 28 U.S.C. § 1404(a), which provides that for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any

---

[2] Citations to the complaint in this matter are shown as "Compl. ¶". The complaint may be found at Docket no. 55, att. 4.

other district or division where it might have been brought. The Court evaluated ten factors considered by the Supreme Court to be relevant to a transfer analysis, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), *Gulf Oil Co. v. Gilbert*, 331 U.S. 501, 508 (1947), and determined that on balance, the factors weighed in favor of transfer to the Eastern District of Virginia. (Civil Minutes of In Chambers Proceeding, Docket no. 55, att. 68). This civil action might have been brought originally in the Eastern District of Virginia under 28 U.S.C. § 1391(b) since a substantial part of the acts or omissions giving rise to the claim occurred in the Eastern District of Virginia and this Court has personal jurisdiction over the Defendants.

For these reasons, the undersigned magistrate judge recommends a finding that this Court has subject matter jurisdiction over this action, that it has personal jurisdiction over the Defendants and that venue is proper in this Court.

### Fair and Reasonable Resolution

When a settlement agreement has been the subject of arms-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement. *Guardians Association of New York City Police Dept. v. Civil Service Comm. of the City of New York*, 527 F. Supp. 751, 757 (S.D. N.Y. 1981), *see also Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977), *Camp v. Progressive Corp.*, 2004 WL 2149079, *5 (E.D. La.).

In reviewing a proposed settlement agreement, a court may limit the proceedings as it sees fit, so long as the record is adequate to allow it to reach an "intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated and form an

educated estimate of the complexity, expense and likely duration of such litigation, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975)(internal quotations omitted). At the same time, however, the settlement hearing is not a trial, and a court's role is more a "balancing of likelihoods rather than an actual determination of the facts and law in passing upon whether the proposed settlement is fair, reasonable and adequate." *Id.* (quoting *Levin v. Mississippi River Corp.*, 59 F.R.D. 353, 361 (S.D. N.Y. 1973)). A compromise is the essence of a settlement and the trial court should not make a proponent of a proposed settlement justify each term of a settlement agreement against a hypothetical or speculative measure of what concessions might have been gained since inherent in compromise is a yielding of absolutes and an abandoning of highest hopes. *Cotton*, 559 F.2d at 1330, *citing Milstein v. Werner*, 57 F.R.D. 515, 524-25 (S.D. N.Y. 1972). A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel. *Cotton*, 558 F.2d at 1330, *Flinn*, 528 F.2d at 1173.

In reviewing the record and evaluating the strength of the case to determine whether a proposed settlement is reasonable, adequate and fair, a court should consider (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits

and the amount of the settlement in relation to the potential recovery. *Id.* at 1173-74, *In re: A.H. Robins Co.*, 88 B.R. 755, 759 (E.D. Va. 1988).

While the Fourth Circuit has not directly addressed the factors to consider in determining whether a settlement reached in a FLSA case is fair and reasonable, various federal courts have analogized to the fairness factors generally considered for court approval of class action settlements under Federal Rule of Civil Procedure 23(e). *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 721-22 (E.D. La. 2008)(citing *Camp v. Progressive Corp.*, 2004 WL 2149079 at \*\*4-5 (E.D. La. Sept. 23, 2004) and *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)), *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119 at \*\*13-14 (C.D. Cal. Feb. 25, 2008), *Brask v. Heartland Automotive Servs., Inc.*, 2006 WL 2524212 at \*2 fn.1 (D. Minn. Aug. 15, 2006). The Fourth Circuit has noted that these factors are consistent with those used by other federal courts in assessing fairness, and the same factors have been applied to a settlement agreement under Title VII of the Civil Rights Act of 1964. *In re Jiffy Lube Securities Litig.*, 927 F.2d 155, 158 n.1 (4th Cir. 1991).

### Extent of Discovery Conducted

An Initial Scheduling Order was entered in this case on December 18, 2008 which provided that "Discovery may begin as of receipt of this Order." (Docket no. 131). Discovery was set to close in this matter on April 10, 2009 and the Court was informed that a settlement had been negotiated with less than one month remaining in the discovery period. In denying Plaintiffs' motion for a protective order, this Court allowed the Defendants to proceed with discovery of the individual Plaintiffs. Prior to the resolution of this action, written discovery had been propounded by the Parties and responded to by the Parties and depositions had been

taken concerning the allegations set forth in the complaint and the Defendants' defenses. Under these circumstances, it is clear that the Parties had adequate time to conduct sufficient discovery to "fairly evaluate the liability and financial aspects of [the] case." *Robins*, 88 B.R. at 760.

### Stage of the Proceedings

As mentioned above, discovery was to be completed in this case by April 10, 2009, and the final pretrial conference was scheduled for Thursday, April 16, 2009, at which time a trial date would have been set. Defendants' motion for partial summary judgment was set for a hearing on March 20, 2009 and counsel informed the Court that the matter was settled only nine days before that argument. At the time the settlement was negotiated, it had become evident that the issues relating to establishing the amount of damages each Plaintiff may be entitled to obtain under the FSLA, assuming the Defendants' substantial defenses were rejected, would be complex and costly. It was also clear that the Defendants intended to defend this action vigorously as shown in the filing of dispositive motions and their discovery efforts. These proceedings advanced to a stage sufficient to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case.

### Absence of Fraud or Collusion in the Settlement

There is no evidence that the Settlement Agreement is the product of fraud or collusion. The Settlement Agreement was procured by negotiations between the Parties and their counsel, and the Parties participated in the drafting and revision of the Settlement Agreement. (SA Recital ¶ J). The Parties assert that they entered into the Settlement Agreement only after

consulting their counsel, and do so knowingly, intentionally, willingly and voluntarily. (SA Recitals ¶¶ I, K). The Parties further agree that the Settlement Agreement was in no way the product of undue influence, duress, overreaching, collusion or intimidation. (SA ¶ 4(d)). As shown by the manner in which counsel for the Plaintiffs and counsel for the Defendants zealously represented their clients in matters concerning defining the potential class members, in negotiating the language in the notice to be provided to potential class members, in raising issues concerning the scope of discovery and the arguments presented concerning liability and potential defenses, the undersigned is convinced that the Parties were zealously represented by their counsel and the Settlement Agreement was the product of arms- length negotiation in an adversarial process without fraud or collusion.

### Experience of Counsel Who Have Represented the Plaintiffs

Counsel representing the Plaintiffs, as well as counsel representing the Defendants, are competent and well-experienced in handling federal court litigation in general and in particular in handling class action and multiple party claims. Plaintiffs' lead counsel from Los Angeles, California has an established, national practice in representing multiple plaintiffs in claims against corporations, including labor issues such as those presented in this case. The pleadings, briefs and arguments presented by counsel for the Parties throughout this case have exhibited a high level of experience and competence. The Plaintiffs and the Defendants were each represented by experienced counsel who exhibited a knowledge of the applicable law, the procedures to be followed in this Court and they had the factual basis underlying the claims and defenses in order to evaluate the case and provide competent legal advice to each of their respective clients.

## Opinion of Class Counsel and Class Members

While counsel's opinion and recommendation as to the fairness and reasonableness of a settlement "is not to be blindly followed by the trial court," it is to be afforded some weight. *Flinn*, 528 F.2d at 1173. Counsel in this case have advised their clients regarding the Settlement Agreement and they have recommended judicial approval thereof, which should be considered by the Court.

Even though the Settlement Agreement is not signed by each individual Plaintiff[3], each Plaintiff was provided with a copy of the Settlement Agreement and each Plaintiff was given an opportunity to revoke his or her acceptance of its terms. (SA Recital ¶ M). No objection or revocation was lodged with Defendants' counsel or received by Plaintiffs' counsel, as provided for in Recital ¶ M of the Settlement Agreement. As a result, it appears that each Plaintiff is in favor of the Settlement Agreement. In addition, each Plaintiff was aware that a motion had been filed with the Court for approval of the Settlement Agreement and no opposition to the approval of the Settlement Agreement was filed with the Court and no one appeared at the hearing to raise an objection to the approval of the Settlement Agreement. Furthermore, as set forth below and as required by 28 U.S.C. § 636(b)(1)(C), each Plaintiff will have a ten (10) day period to file any objections he or she may have to these findings and recommendations. This additional time

---

[3] As set forth in Recitals ¶¶ E and F of the Settlement Agreement, the Notice of Pendency of Lawsuit and Notice of Consent to Become an Additional Party Plaintiff provides that Mr. Houston has full authority to make all necessary decisions on each Plaintiffs' behalf including settlement of the Lawsuit.

period will provide each individual Plaintiff with ample opportunity to review and, if warranted, object to the Court's recommendation that the Settlement Agreement be approved.[4]

## Amount of the Settlement in Relation to the Potential Recovery

The Settlement Agreement requires the Defendants to pay a total of $250,000.00 to resolve all the claims raised by the Plaintiffs in this Lawsuit. (SA ¶ 2). This amount includes payments to the Plaintiffs, attorneys' fees and litigation-related costs. The Parties state that they wish to avoid the uncertainty, inconvenience, expense and delays of litigation, and they want to resolve all claims that were, or could have been, asserted in the Lawsuit. (SA Recital ¶ Q). Counsel for the Parties stated at the hearing on April 10, 2009 that a significant motivation for settling this matter was that, should litigation continue, any potential recovery could quickly be consumed by the costs of litigating the claims of those persons who decided to opt into this Lawsuit. As a result, any recovery to be had by the Plaintiffs following a trial could be less than the amounts they will receive in this settlement.

Exhibits 3 and 4 of the Settlement Agreement provide an itemization of how the settlement payment is to be disbursed. During the April 10 hearing, counsel for the Parties described in detail the formula they negotiated to determine the value of overtime worked by Plaintiffs, and from there, how they arrived upon each amount listed in those exhibits. Counsel acknowledged that there was uncertainty with respect to the actual amounts due, because while in theory Plaintiffs were required to maintain records indicating the amount of time spent in performing each inspection, in practice those records were not maintained and some degree of

---

[4] Since this Settlement Agreement involves a collective action and not a class action under Fed. R. Civ. P. 23(e), there is no concern about the impact this settlement may have on absent persons.

12

estimation was necessary. Accordingly, counsel agreed to use an estimate of the amount of time it would take to perform a typical inspection and use that estimate in calculating whether a Plaintiff had a potential claim for overtime wages. Information concerning how many inspections were conducted by each Plaintiff during a week was obtained and used to determined whether that Plaintiff had a potential FSLA claim for overtime wages for that week based on the estimate of the time need to perform a single inspection. Based on that analysis, a formula was used to calculate the amount that each Plaintiff might obtain if the Defendants were unsuccessful in presenting their various substantial legal defenses to Plaintiffs' claims.

In response to questions concerning the variations in the amounts to be paid to the individual Plaintiffs and the fact that several Plaintiffs would receive no recovery, it was explained that there were large variations in the number of inspections performed each week by the Plaintiffs and that some of the Plaintiffs did not complete enough inspections in a single week to indicate that any overtime wages were justified. Those Plaintiffs slated to receive the larger amounts completed significantly more inspections in a week than one would estimate could be done during forty hours. It was based on this reasonable assumption and the actual number of weekly inspections performed by each Plaintiff during the applicable time period allowed under the statute of limitations that the amount of the distribution of the settlement proceeds was determined.

Further, counsel acknowledged that with only 75 of the possible 3000 plaintiffs joining in this action, the potential recovery for those Plaintiffs had the litigation proceeded, could have exceeded the cost of completing discovery and preparing for trial. Plaintiffs' counsel wisely recognized that the pursuit of a case in which they would likely be seeking more compensation

for fees and expenses than their clients would receive if they were successful in this action would be problematic. In light of the complexity of the case, the significant defenses raised by the Defendants and the costs that all Parties would have incurred had the case proceeded to trial, the total monetary amount of the settlement is fair and reasonable and the apportionment of that amount contained in Exhibit 3 and 4 is appropriate, including the payment of attorneys' fees.

Upon consideration of the relevant factors discussed above, the undersigned magistrate judge recommends a finding that the Settlement Agreement in this case is fair and reasonable.

### Bona Fide Dispute

In addition to being fair and reasonable, in order to merit court approval, the settlement must resolve a bona fide dispute over FLSA provisions. *Lynn's Food Stores*, 679 F.2d at 1355. A bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment. To settle such a dispute, there must be a resolution of the number of hours worked or the amount due. *Hohnke v. United States*, 69 Fed. Cl. 170 (Ct. Fed. Cl. 2005) (discussing cases). In this Lawsuit, the Plaintiffs allege that the Defendants mis-classified them as independent contractors when they were, in fact, employees, and thus entitled to be compensated for overtime hours worked under the FLSA. (Compl. ¶ 1). Clearly, the complaint alleges a dispute over the amount due; Plaintiffs claim overtime compensation for each hour of overtime worked (Compl. ¶ 3) and Defendants deny those factual averments. (Defendants' Answer, Docket no. 55, att. 29, ¶ 3).

Further, in the Settlement Agreement Defendants specifically deny each of the material allegations of a breach of the FLSA. They assert that those allegations are contested and remain in dispute. (SA Recital ¶ H). The Parties collectively claim that their desire to enter into this

Settlement Agreement flows from their desire to avoid the uncertainty, inconvenience and cost of litigation (SA Recital ¶ Q), and that neither the Settlement Agreement, nor any payments required by it, represent any admission of liability or wrongdoing. (SA ¶ 4(g)). The Parties acknowledge that the Settlement Agreement represents a pure compromise of vigorously disputed claims. (SA ¶ 4(g)).

For these reasons, the undersigned magistrate judge recommends a finding that the Settlement Agreement constitutes a resolution of a bona fide dispute over FLSA provisions.

## Conclusion

It is the recommendation of the undersigned magistrate judge that the Court find this Settlement Agreement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions as required by *Lynn's Food Stores*, 679 F.2d 1350, and that the Court grant the Parties' Joint Motion Seeking Approval of Settlement Agreement Reached Between the Parties, and for Entry of Stipulation and Order of Dismissal with Prejudice.

## Notice

By means of the Court's electronic filing system, the Parties are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations. Counsel for the Plaintiffs is directed to provide a copy of this proposed findings of fact and recommendations to each individual plaintiff, and file a notice through the Court's CM/ECF system certifying that he has done so.

ENTERED this 17th day of April, 2009.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia