IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RONALD HOUSTON, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEWBERRY & DAVIS, LLC., et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No.: 1:08-cv-203 (AJT)(JFA) |

**PLAINTIFFS; COURT-ORDERED SUPPLEMENTAL MEMORANDUM RE SETTLEMENT AGREEMENT**

Pursuant to the Court's July 21, 2009 Court Order, Plaintiffs submit the following Supplemental Memorandum:

**1.   INTRODUCTION**

After sending out thousands of Notices to potential class members inviting them to join the action, only 75 inspectors chose to join the action. Of those 75 only three people have objected to the proposed settlement after having been served with a copy of the Settlement Agreement signed by class representative, Ronald Houston. The three objectors are Randal Hutchins, Laural Tucker, and Catherine Phillips. John Abbott has withdrawn his objection. (Exhibits 1, 2, 3 and 4). Both Randall Hutchins and Catherine Phillips are not eligible for class participation or monetary recovery as neither performed inspection work during the Class Period as defined by the Court and the Notice of Pendency of Overtime Lawsuit. Ms. Tucker is a

320673

proper class member but, *like the vast majority of class members*, qualifies only $1,100.00 in overtime compensation (less a pro-rata share of the litigation costs) given her limited number of inspections during the Class Period.

After the Magistrate Judge ruled - - over Plaintiffs' objections - - that *individual* discovery could occur in this case (rather than limited representative discovery) resulting in deposition notices for each plaintiff's deposition in Virginia despite plaintiff's locations throughout the United States, and after it was determined that the vast majority of claims were in the few hundred to few thousand dollar range, it was determined that it was in the best interests of the Class to settle the case to ensure that the cost of litigation did not exceed each class member's recovery (which most surely would have occurred had the litigation proceeded on as plaintiffs would have had to incur the substantial expense of traveling to and staying in Virginia for their depositions).

In the interest of fairness to the Class, the settlement amount was tailored to cover each plaintiff's actual overtime compensation over the past three years, and have the attorneys' fees paid by defendants *in addition to* the calculated amount to cover plaintiff's overtime compensation. Each plaintiff's recovery was reduced only by a pro-rata percentage of the litigation costs.

Generally, with respect to the issue of retaliation by defendants, without a court ruling the class members all held the status of independent contractors, and, as such, were not guaranteed work at any disaster in the future. Moreover, the anti-retaliation provision of the Fair Labor Standards Act (29 USC 215(a)(3)), covers only employees and not independent contractors. *See*, for example, *Harper vs. San Luis Valley Regional Medical Center*, 848 F. Supp. 911, 915 (Dist. Colo 1994). Lastly, only three class members are raising the issue of retaliation (perhaps because the job of FEMA inspector is only a part-time job for nearly all the class members, and they have

decided to focus their attention on their other jobs rather than pursue further work as independent contractors, and are therefore not concerned about the issue of retaliation).

With respect to the issue of class member compensation following the dismissal of certain class member, because the opt-out plaintiffs' request for dismissals were made before the settlement, each such plaintiff was allocated zero dollars in the Schedule of Payments (including Thomas Trimmer who now has requested to remain in the suit; his calculated overtime amount will be taken from the attorneys' fees portion of the settlement proceeds so as not to alter the Schedule of Payments already approved by the Magistrate Judge and Class Members).

2. **RONALD HOUSTON IS SIMILARLY SITUATED TO OTHER CLASS MEMBERS AND IS AN ADEQUATE REPRESENTATIVE**

Ronald Houston is undisputedly a senior veteran inspector who performed more inspections for defendants than any other class member. He worked for defendant PaRR from 2003 to July 2006 (when he suffered a temporary disability due to a mild stroke). Although he has not asked defendant to be put back on the active roster, neither has he told defendant that he no longer wants to work for PaRR. (See Exhibit 5, Deposition of Ronald Houston, pp. 32-33). As such, he has sufficient motivation to have carefully considered paragraph 4(h) of the Settlement Agreement regarding future employment as a disaster inspector. Before signing the Settlement Agreement on behalf of himself and the Class, Mr. Houston consulted with Class counsel regarding the provisions thereof. It was decided that it was in the best interest of the Class to settle the case despite paragraph 4(h) and its restriction on future employment by defendants. This decision was made given the fact that without a Court decision all class members remained independent contractors who had no guarantee of future employment by defendants (which defendants have a roster of eligible inspectors in the thousands and can choose among the thousands who are its inspectors per disaster). It was also understood that the

3

rules against retaliation apply only to employees and not to independent contractors.  Lastly, it was understood that the Class Members could nevertheless file an action for retaliation notwithstanding the provisions of the Settlement Agreement because the claim and job waivers in the Settlement Agreement were unenforceable by defendants as against the Class Members as such provisions are well beyond the limited nature of the case to collect unpaid overtime wages: The Class Representative was given the authority to settle only the overtime claims on behalf of the Class (even if he chose to waive his personal rights by signing the agreement).

### 3. **RETALIATION ISSUE**

Only three class members have raised the issue of retaliation.  The settlement remains fair and reasonable despite the waiver of future employment with defendants because almost all plaintiffs are apparently not concerned with the termination of their employment relationship with defendants (as it was only a part-time job), and because Class Members understood that there was no guarantee or assurance that their names would be called for any future disaster inspection work given that defendants had thousands of eligible inspectors to choose from for its disaster work (and because proving a retaliation claim would be nearly impossible under these circumstances). Further, independent contractors are not protected from retaliation under the Fair Labor Standards Act. *See*, for example, *Harper vs. San Luis Valley Regional Medical Center*, 848 F. Supp. 911, 915 (Dist. Colo 1994). As stated above, any waiver of retaliation claims would be unenforceable by defendants against the Class Members who did not sign the Settlement Agreement because the Class Representative by definition had authority only to settle the overtime-related claims (thus leaving the Class Members with the right to pursue future employment and retaliation claims).

**4. <u>DISMISSAL OF CERTAIN CLASS PLAINTIFFS WILL HAVE NO EFFECT ON THE SCHEDULE OF PAYMENTS</u>**

With respect to the issue of class member compensation following the dismissal of certain class member, because the opt-out plaintiffs' request for dismissals were made before the settlement, each such plaintiff was allocated zero dollars in the Schedule of Payments (including Thomas Trimmer who now has requested to remain in the suit; his calculated overtime amount will be taken from the attorneys' fees portion of the settlement proceeds so as not to alter the Schedule of Payments already approved by the Magistrate Judge and Class Members).

**5. <u>CONCLUSION</u>**

For all the above-said reasons, the Court is respectfully requested to issue an Order approving the Settlement Agreement in this case.

Dated: July 28, 2009

By: _____/s/_____
Gary Mims, Esq. (VSB No. 19184)
Steven M. Frei, Esq.
Gobind S. Sethi, Esq.
HALL, SICKELS, FREI & MIMS, P.C.
12120 Sunset Hills Road, Ste. 150
Reston, VA 20190
Phone: (703) 925-0500
Fax:    (703) 925-0501
*Local Counsel for Plaintiffs Ronald E. Houston, et al.*

and

By: _____/s/_____
Walter J. Lack (admitted pro hac vice)
Richard P. Kinnan (admitted pro hac vice)
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Flr.
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434
*Counsel for Plaintiffs Ronald Houston, et al.*

and

Karl A. Gerber
EMPLOYMENT LAWYER'S GROUP
13418 Ventura Blvd.
Sherman Oaks, CA 91423
Tel: (818) 783-7300
Fax: (818) 995-7159
*Counsel for Plaintiffs Ronald Houston, et al.*

## **CERTIFICATE OF SERVICE**

     I certify that on July _____, 2009 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system who will send a notification of such filing (NEF) to the following:

    Michael E. Kinny, Esq.(VSB No. 65056)
    Stephen M. Sayers, Esq. (VSB No. 23066)
    Thomas P. Murphy, Esq. (VSB No. 30765)
    HUNTON & WLLIAMS
    1751 Pinnacle Drive, Suite 1700
    McLean, Virginia 22102
    Telephone:  (703) 714-7400

    James P. Naughton, Esq.(VSB No. 25923)
    HUNTON & WILLIAMS LLP
    500 E. Main Street, Suite 1000
    Norfolk, Virginia 23510
    Telephone:  (757) 640-5300
    *Counsel for the Defendants, URS Corp, Partnership for Response and Recovery and Dewberry & Davis LLC*

    Walter J. Lack
    Richard P. Kinnan
    ENGSTROM, LIPSCOMB & LACK
    10100 Santa Monica Boulevard, 16th Floor
    Los Angeles, CA 90067-4107
    Tel:  (310) 552-3800

    Karl A. Gerber
    Danz & Gerber
    13418 Ventura Blvd.
    Sherman Oaks, CA 91423
    Tel: (818) 783-7300
    Fax: (818) 995-7159
    *Counsel for Plaintiffs Ronald E. Houston, et al.*

                                        _____/s/_____
                                          Gary Mims, Esq. (VSB No. 19184)
                                          Steven M. Frei, Esq.
                                          Gobind S. Sethi, Esq.
                                          HALL, SICKELS, FREI & MIMS, P.C.
                                          12120 Sunset Hills Road, Ste. 150
                                          Reston, VA 20190
                                          Phone: (703) 925-0500
                                          Fax:    (703) 925-0501
                                          *Local Counsel for Plaintiffs Ronald E. Houston, et al.*